## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GISSING NORTH AMERICA LLC, | ) | Case No. 22-46160 |
| a Delaware Limited liability company, | ) |  |
| *et al.*[1] | ) | Hon. Lisa S. Gretchko |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC, AS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 18, 2022

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), authorizing the Committee to employ and retain Berkeley Research

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22-46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

Group, LLC ("BRG") as its financial advisor effective as of August 18, 2022. In support of this Application, the Committee submits the Declaration of Joseph Vizzini (the "Vizzini Declaration"), attached hereto and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      By Local Rule 83.50(a) of the United States District Court for the Eastern District of Michigan, the District Court has referred all bankruptcy cases to the Bankruptcy Court (the "Court") for initial determination, as permitted by 28 U.S.C. § 157(b).

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Committee consents to entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2

4.     The statutory bases for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## **FACTUAL AND PROCEDURAL BACKGROUND**

5.     On August 8, 2022 (the "Petition Date"), the Debtors each commenced a voluntary case (together the "Cases") under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner or trustee has been appointed in these Cases.

6.     The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Granting First-Day Motion for Joint Administration of Debtors' Chapter 11 Cases* [Dkt No. 16], entered on August 8, 2022.

7.     On August 15, 2022 (the "Formation Date"), the United States Trustee for the Eastern District of Michigan (the "U.S. Trustee"), pursuant to sections 1102(a) and (b) of title 11 of the Bankruptcy Code, appointed the Committee to serve as the Official Committee of Unsecured Creditors for the Debtor. The creditors appointed as members of the Committee are: (i) Pro Design & Manufacturing LLC, (ii) Pingor Technology Company Limited, (iii) Mitsuiya Industries, Co., Ltd., (iv) Hartt Transportation System, Inc., (v) Drake Extrusion, Inc., (vi) 189 Milacron,

LLC, and (vii) Stein Fibers [Dkt. No. 89]. The Committee has appointed Sidney Stein, Board Member for Stein Fibers as Chairperson of the Committee.

8.     On August 18, 2022, the Committee selected BRG to serve as its financial advisor. The Committee has also selected Foley & Lardner LLP ("Counsel" or "Foley") to serve as its counsel.

## **RELIEF REQUESTED**

9.     The Committee respectfully requests entry of an order pursuant to sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing BRG to perform financial advisory services for the Committee that will be necessary during these Cases. The Debtors are a large, complex enterprise, and the Committee requires the services of an experienced financial advisor such as BRG to provide financial advisory services that are critical to the success of the cases.

10.    The Committee determined that the services of BRG are necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professionals, to ensure that the Debtors are able to successfully reorganize (through standalone reorganization and/or asset sale(s)), and to maximize the value of the Debtors' estates for the benefit of the unsecured creditors.

11.    Immediately upon its selection, BRG commenced work on several time-sensitive matters and promptly devoted substantial resources to these Cases

4

pending submission and approval of this Application. In order to allow BRG to be compensated for work performed prior to and after the submission of this Application, the Committee seeks to employ BRG as its financial advisor effective as of August 18, 2022.

12.     The Committee seeks to retain BRG, in accordance with the terms and subject to the conditions set forth in this Application, including the Fee Structure (as defined below) and the indemnification provisions set forth on **Exhibit C** (the "Indemnity Provisions"), subject to the standards set forth in section 328 of the Bankruptcy Code.

## <u>BASIS FOR RELIEF REQUESTED</u>

13.     Section 1103 of the Bankruptcy Code provides in pertinent part:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which, a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee. . .

11 U.S.C. § 1103.

14.     Section 328(a) of the Bankruptcy Code provides in pertinent part:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . .

5

11 U.S.C. § 328(a).

15.     Bankruptcy Rule 2014(a) requires that an application for retention include: "Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

## BRG'S QUALIFICATIONS

16.     BRG has significant qualifications and experience in providing the services contemplated herein. BRG's Corporate Finance practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing restructuring, transaction advisory, litigation support, solvency, and valuation assistance and providing a focus on viable solutions that maximize value for companies and creditors, typically in distressed business settings. BRG has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries. BRG's services also include forensic analysis, plan development and implementation, and advice on sale/merger transactions. Moreover, the professionals at BRG have assisted and advised creditors' committees, debtors,

6

creditors, bondholders, investors, and others in numerous bankruptcy cases, including The Hertz Corporation, Centric Brands, Inc., CBL & Associates, Properties, Inc., GNC Holdings, Inc., General Wireless Operations, Inc (a.k.a. RadioShack Inc.), Diamond Offshore Drilling, Inc., GMAC Mortgage Corporation, LLC, Doral Financial Corporation, Tropicana Entertainment, LLC, Molycorp Inc., Fred's, Inc., Lucky Brand Dungarees, LLC, Verity Health System of California, 21st Century Oncology Holdings, Southern Foods Group, LLC (a.k.a. Dean Foods), Borden Dairy Company, Peabody Energy Corporation, Orexigen Therapeutics, Inc., Sabine Oil & Gas Corp., Color Spot Holdings, The Weinstein Company, Aralez Pharmaceuticals, Quicksilver Resources, Inc., Walter Energy, Arch Coal, Real Industry, Inc., M & G USA Corporation, Chrysler (a.k.a. Old Carco LLC), MF Global Holdings, Ltd., Nine West Holdings, Inc., Vitamin World, Inc., Reichhold Holdings US, Inc., Refco, Inc., Spiegel Inc., W.R. Grace, Penson Worldwide, SemGroup, and Nortel.[2]

17.     The Committee reviewed materials submitted by BRG prior to selecting it as the Committee's financial advisor. Such selection was based on the Committee's determination that BRG is the best candidate for the services to be provided and that its proposed Fee Structure is competitive and appropriate given

---

[2] The professionals were employed in certain of these engagements prior to joining BRG.

the Committee's understanding of the facts and circumstances of these Cases. Further, the Committee chose BRG to act as its financial advisor in these Cases based in large part on the experience outlined above. The Committee believes that BRG's services are necessary to enable the Committee to assess and monitor the Debtors' restructuring efforts in furtherance of the Committee's obligations to protect the interests of and maximize value for all unsecured creditors. Moreover, based on the experience of BRG's professionals in large, complex chapter 11 cases, the Committee believes that BRG is well-qualified to provide such services in a cost-effective, efficient, and timely manner.

18.     Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the chapter 11 case. See 11 U.S.C. § 1103(a). In the Debtor's Chapter 11 Case, the Committee requires qualified professionals to render these essential financial advisor services. As discussed above, BRG has substantial expertise as a financial advisory in complex chapter 11 cases and is well qualified to perform these services and to assist the Committee in these Cases.

## SCOPE OF SERVICES TO BE PROVIDED

19.     BRG has agreed to provide services to the Committee in accordance with the terms and conditions set forth in this Application. The terms reflect the mutual agreement between the Committee and BRG as to the substantial efforts that may be required of BRG in this engagement. BRG will provide such financial

8

advisory services to the Committee as the Committee deems appropriate and necessary in order to advise the Committee during the course of these Cases. The services to be rendered by BRG, which services may be subject to modification at the Committee's request, are necessary to enable the Committee to faithfully execute its statutory duties to unsecured creditors.

20.     Subject to further order of this Court, the Committee has requested that BRG render financial advisory services with respect to the following areas:

a.     Developing periodic monitoring reports to enable the Committee to evaluate effectively the Debtors' financial performance relative to projections and any relevant operational issues, including extension of liquidity beyond contemplated milestones, on an ongoing basis;

b.     Scrutinizing cash disbursements and capital requirements on an on-going basis for the period subsequent to the commencement of these cases;

c.     Advising and assisting the Committee with respect to any debtor-in-possession financing;

d.     Reviewing and analyzing relief requested in cash management motion and other use of cash collateral arrangements negotiated, including proper controls related to and financial transparency into intercompany transactions;

e.     Analyzing both historical and ongoing related party transactions and or material unusual transactions of the Debtors' and non-Debtor affiliates';

f.     Developing and issuing periodic monitoring reports to enable the Committee to evaluate effectively the Debtors' ability to realize or settle claims for avoidance actions or any 363 sale process (if undertaken, and subsequent wind-down activities) on an ongoing basis;

g. If a 363 sale process is undertaken, evaluating and participating in the process to ensure the process proceeds in the most efficient manner to maximize recoveries to the unsecured creditors;

h. Working with the Debtors' advisors to evaluate the adequacy of any pre-petition and, if undertaken, post-petition sale process;

i. Working with the Debtors' tax advisors to ensure that any restructuring or sale transaction is structured to minimize tax liabilities to the estate;

j. As appropriate, and in concert with the Committee's other professionals, analyzing and monitoring any prior sale processes and transactions and assess the reasonableness of the process and the consideration received;

k. Advising the Committee and counsel in evaluating any court motions, applications, or other forms of relief, relating to vendors, wages and taxes;

l. Advising and assisting the Committee in identifying and/or analyzing any preference payments, fraudulent conveyances, and other potential causes of action that the Debtors' estates may hold against insiders and/or third parties;

m. Providing support to the Committee and counsel regarding potential litigation strategies vis à vis insiders as well as third parties;

n. Evaluating any Accommodation Agreement between the Debtors and major customers;

o. Analyzing and evaluating the supply chain strategy for pre-petition value decrease, avenues for potential go forward savings and non-accommodation value enhancement

p. Analyzing the Debtors' and non-Debtor affiliates' assets (tangible and intangible) and possible recoveries to creditor constituencies under various scenarios and developing strategies to maximize recoveries;

q. Monitoring Debtors' claims management process, including analyzing claims and guarantees, and summarizing claims by entity. Based upon the analysis of claims by entity, prepare a waterfall of expected recoveries to creditor classes under various settlement scenarios;

r.	Preparing a working waterfall model that estimates the recovery to creditors from interests in unencumbered value

s.	Reviewing and providing analyses of any bankruptcy plan and disclosure statement relating to the Debtors, including the assessment of projections to ensure any plan of reorganization is supported by credible business and operational plans, and if appropriate, developing any bankruptcy plans proposed by the Committee to assess their achievability;

t.	If requested to do so, preparing certain valuation analyses of the Debtors' businesses and assets using various professionally accepted methodologies;

u.	Attending Committee meetings and court hearings as may be required; and

v.	Performing other matters as may be requested by the Committee from time to time, including: rendering expert testimony, issuing expert reports and or preparing litigation, valuation and forensic analyses that have not yet been identified but as may be requested from time to time by the Committee and its counsel.

21.	In addition to services related to these areas, BRG understands that it may be requested to participate, at the Committee's request and to the extent appropriate, in meetings and discussions with the Committee, the Debtors, and the other parties-in-interest and with their respective professionals.

22.	As noted above, the Committee selected BRG as its financial advisor on August 18, 2022 and requested BRG immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtor's Cases prior to submission and approval of this Application. Since its retention on August 18, 2022, BRG, on behalf of the Committee, has been focused on, among other things, (a) conducting diligence on the Debtor's assets, liabilities, and business

11

operations, (b) evaluating the terms of the DIP financing arrangement, and (c) negotiating proposed bid procedures. Accordingly, the Committee requests approval of the Application effective as of the date that BRG was retained by the Committee on August 18, 2022.

## NO DUPLICATION OF SERVICES

23.     The services to be provided by BRG will be at the request and direction of the Committee so as to avoid duplicative efforts among the Committee's professionals retained in this case.

24.     BRG intends to communicate regularly with the Committee and its legal advisors to ensure that the actual financial advisory services performed are appropriate based on the status of the case and needs of the Committee. BRG will coordinate all tasks with Counsel to achieve case efficiencies and avoid duplication of efforts. The Committee believes it is necessary to employ BRG as its financial advisor to render the foregoing professional services. In light of BRG's substantial experience and expertise and the complex nature of the Debtors' business and financial affairs, the Committee believes that BRG is well qualified to advise it in these bankruptcy cases.

## USE OF CONTRACTORS

25.     Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or

subcontractors (the "Contractors") in these Cases, pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

## PROFESSIONAL COMPENSATION

26.     Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

27.     Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, BRG advised the Committee that it intends to charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG. The professional fees shall be calculated by multiplying the hours worked by the standard hourly billing rates in effect for the specific personnel involved. The hourly rates charged by BRG for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services

13

being provided. In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business.

28.     BRG has advised the Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). BRG has also advised the Committee that it intends to make application to the Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the 1996 U.S. Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Unser 11 U.S.C. 330* (the "UST Guidelines") and the terms of any order establishing procedures for interim compensation that may be entered in these cases. BRG's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

29.     For professional services, fees are based on BRG's standard hourly rates. The proposed rates of compensation (the "Fee Structure"), subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that will work on this engagement are as follows:

14

|  | **2022** |
|---|---|
| Managing Directors | $925 - $1,195 |
| Associate Directors & Directors | $725 - $950 |
| Professional Staff | $325 - $725 |
| Support Staff | $195 - $300 |

30.     These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. The standard hourly rates for the BRG experts anticipated to be assigned to this engagement are as follows: David Galfus ($1,150), Peter Chadwick ($1,150), and Joseph Vizzini ($975) (together with the assigned professional staff the "BRG Personnel"). BRG believes that its standard hourly rates are at or below those of firms it considers its peers.

31.     Consistent with BRG's policy with respect to its other clients, BRG will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses. Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

15

32.     BRG will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of BRG's performance of these services.

33.     BRG will maintain detailed records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules and guidelines. Regardless of the time and manner of interim compensation, BRG understands that, subject to this Court's orders, BRG will be required to follow the procedures for final allowance of fees at the end of the Cases.

34.     BRG and the Committee expressly reserve their rights pursuant to section 1129(a)(9)(A) of the Bankruptcy Code for BRG to receive the full amount of compensation based on the foregoing notwithstanding the terms of any cash collateral order or secured financing order now or hereafter entered in these Chapter 11 Cases providing for a limitation on the amount of fees payable to BRG for specified or general purpose.

35.     The terms and conditions of this retention as set forth in this Application were negotiated by the Committee at arm's length and in good faith. After discussions and arm's length negotiations, the Committee believes that the Fee Structure and the expense reimbursement provisions described above are consistent with, and typical of, compensation arrangements entered into by BRG and other comparable firms in connection with the rendering of similar services under similar circumstances and is reasonable, market based and merited by BRG's restructuring expertise.

36.     In light of the foregoing, the Committee believes that BRG's Fee Structure is reasonable, market-based, and designed to fairly compensate BRG for its work in these Cases and to cover fixed and routine overhead expenses.

37.     BRG acknowledges that neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to Counsel), shall be liable for the fees, expenses or other amounts payable to BRG.

38.     No promises have been received by BRG, nor any employee or independent contractor thereof, as to payment or compensation in connection with these Cases other than in accordance with the provisions of section 504 of the Bankruptcy Code. Except for internal agreements among the employees and exclusive independent contractors of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees or exclusive independent

contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Code section 504 and Bankruptcy Rule 2016.

## <u>LIMITATION OF LIABILITY</u>

39.     Except in the case of conduct by BRG or its agents involving gross negligence, willful misconduct, reckless misconduct, or fraud, BRG shall not be liable under this agreement to the Committee or their respective successors, assigns or affiliates for damages in excess of the amount of the fees paid hereunder to BRG. The terms of this paragraph shall survive the termination of this agreement and such commitments shall extend upon the terms set forth in this paragraph to any controlling person, director, officer, employee or affiliate of BRG.

40.     The Committee has agreed that BRG shall not be liable for any delays resulting from circumstances or causes beyond its reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence, or any law, order or requirement of any governmental agency or authority.

41.     Except in the case of conduct by BRG or its agents involving gross negligence, willful misconduct, reckless misconduct, or fraud, the Committee has agreed that the parties shall not be liable to each other for any consequential, incidental, special or punitive damages, nor shall BRG be liable for direct

compensatory damages in excess of the fees actually received by BRG for the performance of services hereunder.

## **INDEMNIFICATION**

42.     BRG requests that the Debtor will indemnify, hold harmless and pay the reasonable out-of-pocket legal or other expenses of BRG or any of its partners, directors, officers, employees, agents, counsel, and affiliates (collectively, the "Indemnified Persons") under certain circumstances, as described more specifically in the Indemnity Provisions set forth on Exhibit C. BRG believes the Indemnity Provisions are customary for financial advisors in similar engagements.

43.     Financial advisors seek indemnification for a variety of reasons. The performance of BRG's responsibilities requires the exercise of professional judgment regarding difficult business and financial issues, as to which many persons may have diverse financial interests. BRG intends to rely on the accuracy and completeness of the financial information and other information to be provided by the Debtor. The Committee notes that, in the event an Indemnified Person acts with gross negligence or willful misconduct, the estates will be entitled to recover amounts paid pursuant to the Indemnity Provisions.

## **BRG'S DISINTERESTEDNESS**

44.     In connection with the proposed retention by the Committee in these Cases, BRG has received a list of parties in interest, compiled by reviewing various

documents submitted by the Debtors' counsel to the Court, including their retention documents, attached to the Vizzini Declaration as Exhibit B-1.

45.    To the best of the Committee's knowledge and based upon and subject to the disclosures made in the Vizzini Declaration filed contemporaneously herewith, BRG (inclusive of its affiliates, subsidiaries and parent entities) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (and as required by section 1103(b) of the Bankruptcy Code) and the Committee is satisfied that (i) BRG represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates; (ii) BRG together with its Managing Directors and Directors do not have any financial interest in or business with the Debtors; (iii) BRG has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee; and (iv) BRG has no connection with the bankruptcy judge approving the employment of BRG as the Committee's financial advisor. BRG has not provided, and will not provide, any professional services to the Debtors, any other creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these Cases.

46.    From time to time, BRG may be asked to value and manage the liquidation of assets of investment funds. Such investment funds could, from time to

time, take positions in debt or equity of the Debtors, without BRG's knowledge or consent. BRG has no pecuniary interest in such investment funds, nor will BRG profit from the value realized from the sale of such funds' interests in the Debtors. Under such circumstances, if BRG is providing valuation work on any debt or equity securities of the Debtors for any investment fund for the duration of this engagement, then the BRG employees undertaking such work will be restricted and have no access to the confidential information of the Debtors. Moreover, to the extent any employees of BRG are utilized on this engagement for valuation expertise (and, accordingly, given access to confidential information of the Debtors), for the duration of this engagement those employees will not perform any valuation work on any debt or equity securities of the Debtors for any investment fund.

47.   As set forth in the Vizzini Declaration, if any new relevant facts or relationships bearing on the matters described herein during the period of BRG's retention are discovered or arise, BRG will use reasonable efforts to promptly supplement its disclosure to the Court.

48.   Based on the foregoing, the Committee believes that the employment of BRG would be in the best interests of the Committee, and the Debtor's estate and creditors.

## CONCLUSION

49.     The Committee submits that for all the reasons stated above and in the Vizzini Declaration, the retention and employment of BRG as financial advisor to the Committee is warranted under section 1103. Further, based on the foregoing and as described in the Vizzini Declaration, BRG does not represent any person or entity in connection with the Debtor's cases other than the Committee, BRG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and BRG does not represent or hold any interest adverse to the interests of the Committee or the Debtor's estates with respect to the matters for which it is to be employed.

## NOTICE

50.     Notice of this Application will be provided to: (a) the Debtors; (b) Debtors' counsel; (c) the Office of the United States Trustee for the Eastern District of Michigan; (d) the holders of the 20 largest unsecured claims against the Debtors; (e) any known purported secured creditors; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). BRG submits that, in light of the nature of the relief requested, no other or further notice need be given.

51.     Please take note that, in accordance with Local Rule Bankruptcy Rule 2014-1(b), BRG is seeking the concurrence of the United States Trustee for this

Application. If the United States Trustee consents under Rule 2014-1(b) and no other objections have been filed, an order approving the Application may be entered prior to expiration of 14 day period under Local Bankruptcy Rule 9014-1, and without a hearing.

## **NO PREVIOUS REQUEST**

52.     No previous request for the relief sought herein has been made by the Committee to this or any other court.

*[Remainder of the Page Left Intentionally Blank]*

WHEREFORE the Committee respectfully requests that the Court enter an order:

(a)    Granting this Application;

(b)    Authorizing the Committee to employ BRG as its financial advisor effective as of August 18, 2022, on the terms set forth in the Application, with fees and expenses to be paid as administrative expenses in such amounts as the Court may hereafter determine and allow;

(c)    Finding notice of this Application as given sufficient; and

(d)    Granting such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 2, 2022    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GISSING NORTH AMERICA, LLC *ET AL.***

By:        /s/ Sidney Stein
           Sidney Stein, Stein Fibers, Chairperson of the Committee

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GISSING NORTH AMERICA LLC, | ) | Case No. 22-46160 |
| a Delaware Limited liability company, | ) | |
| *et al.*[1] | ) | Hon. Lisa S. Gretchko |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC, AS FINANCIAL ADVISOR <u>EFFECTIVE AS OF AUGUST 18, 2022</u>

This matter came to be heard on the Application (the "<u>Application</u>") of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and upon the accompanying declaration of Joseph Vizzini (the "<u>Vizzini Declaration</u>"), for an order authorizing the employment and retention of Berkeley Research Group, LLC ("<u>BRG</u>") to represent the Committee as financial advisor in the above-captioned Cases; due and proper notice having been given; and the Court being satisfied based on the representations made in the Application and the accompanying Vizzini Declaration that BRG does not hold or represent any interest that is adverse to

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22-46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

2

Debtors' estates in the above-captioned cases and is disinterested under section 101(14) and as modified by section 1103(b) of the Bankruptcy Code; and it appearing to the court that cause exists for the entry of this order, and for authorizing the employment of BRG as financial advisor for the Committee effective as of August 18, 2022, including that such employment as of August 18, 2022 is in the best interests of Debtors' estates; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;[2]

**IT IS HEREBY ORDERED** that:

1.      The Application is granted as provided herein.

2.      The Committee is authorized and empowered to retain and employ BRG as its financial advisor in these cases effective as of August 18, 2022, pursuant to Bankruptcy Code sections 328(a) and 1103.

3.      The terms and conditions of BRG's retention as set forth in the Application, including, without limitation, the fee and expense structure, and the Indemnity Provisions set forth on Exhibit C, are hereby approved.

4.      BRG shall file interim and final fee applications for allowance of compensation and reimbursement of its expenses incurred representing the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Application.

Committee in accordance with the procedures and standards set forth in sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure and local rules as may be applicable from time to time, and such procedures as may be fixed by order of this Court.

5.     In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to the US Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. BRG shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of BRG's fee and expense applications

6.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.     The Court retains jurisdiction over all matters related to the implementation of this Order.

4

## **Exhibit B**

Declaration of Joseph Vizzini

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GISSING NORTH AMERICA LLC, | ) | Case No. 22-46160 |
| a Delaware Limited liability company, | ) |  |
| *et al.*[1] | ) | Hon. Lisa S. Gretchko |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF JOSEPH VIZZINI IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC, AS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 18, 2022

**JOSEPH VIZZINI**, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.     I am a Managing Director of Berkeley Research Group, LLC ("BRG")[2], a professional services firm with numerous offices throughout the country. I am duly authorized to make this declaration (the "Declaration") on behalf of BRG. Unless

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22-46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

[2] All references contained herein referring to BRG, including those pertaining to disinterestedness and disclosures of relationships with parties in interest, refer collectively to Berkeley Research Group, LLC, and all of its affiliates, subsidiaries, and parent entities.

1

otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.[3]

2.     I submit this Declaration in support of the application ("Application")[4] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") seeking entry of an order authorizing the Committee to employ and retain BRG as financial advisor to the Committee, effective as of August 18, 2022, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

3.     On August 18, 2022, the Committee selected BRG to serve as its financial advisor, to perform financial advisory and litigation support services in connection with these chapter 11 cases (the "Cases"). Since its retention by the Committee, BRG has become familiar with the Debtors' businesses and financial affairs and is therefore particularly qualified to serve as the Committee's financial advisor.

---

[3] Certain of the disclosures set forth herein relate to matters within the knowledge of other Managing Directors and Directors at BRG and are based on information provided by them.

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

## A. **Qualifications of Professionals**

4.      BRG is well-suited to act as financial advisor to the Committee in these Cases. BRG's Corporate Finance practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing restructuring, transaction advisory, litigation support, solvency, and valuation assistance and providing a focus on viable solutions that maximize value for companies and creditors, typically in distressed business settings. BRG's services also include forensic analysis, plan development and implementation, and advice on sale/merger transactions. BRG has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries. Moreover, the professionals at BRG have assisted and advised creditors' committees, debtors, creditors, bondholders, investors, and others in numerous bankruptcy cases, including The Hertz Corporation, Centric Brands, Inc., CBL & Associates, Properties, Inc., GNC Holdings, Inc., General Wireless Operations, Inc (a.k.a. RadioShack Inc.), Diamond Offshore Drilling, Inc., GMAC Mortgage Corporation, LLC, Doral Financial Corporation, Tropicana Entertainment, LLC, Molycorp Inc., Fred's, Inc., Lucky Brand Dungarees, LLC, Verity Health System of California, 21st Century Oncology Holdings, Southern Foods Group, LLC (a.k.a. Dean Foods), Borden Dairy Company, Peabody Energy Corporation, Orexigen Therapeutics, Inc., Sabine Oil & Gas Corp., Color Spot

Holdings, The Weinstein Company, Aralez Pharmaceuticals, Quicksilver Resources, Inc., Walter Energy, Arch Coal, Real Industry, Inc., M & G USA Corporation, Chrysler (a.k.a. Old Carco LLC), MF Global Holdings, Ltd., Nine West Holdings, Inc., Vitamin World, Inc., Reichhold Holdings US, Inc., Refco, Inc., Spiegel Inc., W.R. Grace, Penson Worldwide, SemGroup, and Nortel.[5]

## B. Services to be Provided

5.     BRG has agreed to provide financial advisory services to the Committee pursuant to the terms set forth in the Application. BRG's work product will encompass only matters that come to its attention in the course of its work that BRG perceives to be significant in relation to the objectives of its engagement. Because of the time and scope limitations implicit in BRG's engagement and the related limitations on the depth of BRG's analyses and the extent of BRG's verification of information, BRG may not discover all such matters or perceive their significance. Accordingly, BRG will be unable to and will not provide assurances in its work product concerning the integrity of the information used in its analyses and on which BRG's findings and advice to the Committee may be based. BRG understands, and the Committee acknowledges, that BRG is not being requested to perform an audit nor to apply generally accepted auditing standards or procedures. BRG understands, and the Committee acknowledges, that BRG is entitled, in

---

[5] The professionals were employed in certain of these engagements prior to joining BRG.

general, to rely on the accuracy and validity of the data disclosed to it or supplied to it by employees and representatives of the Debtors. BRG will not, nor is BRG under any obligation to, update data submitted to it or review any other areas unless the Committee specifically requests us to do so. BRG's work will be performed on a reasonable "level-of-effort" basis; that is, the circumstances of BRG's engagement may cause its advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period.

6. The terms and conditions of BRG's proposed retention were negotiated between the Committee and BRG and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement.

## C. **No Duplication of Services**

7. The services to be provided by BRG will be at the request and direction of the Committee so as to avoid duplicative efforts among the Committee's professionals retained in this case.

8. BRG intends to communicate regularly with the Committee and its legal advisors to ensure that the actual financial advisory services performed are appropriate based on the status of the case and needs of the Committee. BRG will coordinate all tasks with Counsel to achieve case efficiencies and avoid duplication of efforts. In light of BRG's substantial experience and expertise and the complex

5

nature of the Debtors' business and financial affairs, BRG is well qualified to advise the Committee in these bankruptcy Cases.

### D.    <u>Use of Contractors</u>

9.    Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that, with the prior written consent of the Committee, it uses the services of independent contractors or subcontractors (the "<u>Contractors</u>") in these Cases, pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

### E.    <u>Professional Compensation</u>

10.    As discussed and agreed to with the Committee, for purposes of this engagement, and with respect to the services to be provided, BRG will be entitled to receive as compensation for its services, fees based on hours worked times standard hourly rates plus reimbursement of actual and necessary expenses incurred by BRG.

11.    For professional services, fees are based on BRG's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The hourly rates

charged by BRG for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being provided. Hourly rates are subject to periodic adjustment (typically the first of the new calendar year) to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business. The current standard hourly rates for the BRG personnel that are anticipated to work on this engagement are as follows:

|  | 2022 |
| --- | --- |
| Managing Directors | $925 - $1,195 |
| Associate Directors & Directors | $725 - $950 |
| Professional Staff | $325 - $725 |
| Support Staff | $195 - $300 |

12.   These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. The standard hourly rates for the BRG experts anticipated to be assigned to this engagement are as follows: David Galfus ($1,150), Peter Chadwick ($1,150), and Joseph Vizzini ($975). BRG believes that our standard hourly rates are at or below those of national firms that we consider our peers.

13.   Consistent with BRG's policy with respect to its other clients, BRG will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include,

7

among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses. Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

14.    BRG will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of BRG's performance of these services.

15.    BRG acknowledges that neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to, Counsel) shall be liable for the fees, expenses, or other amounts payable to BRG.

16.    Regardless of the time and manner of interim compensation, BRG understands that, subject to this Court's orders, BRG will be required to follow the procedures for final allowance of fees at the end of the Cases.

17.    No promises have been received by BRG, nor any employee or independent contractor thereof, as to payment or compensation in connection with

these Cases other than in accordance with the provisions of section 504 of the Bankruptcy Code. Except for internal agreements among the employees and exclusive independent contractors of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees or exclusive independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Code section 504 and Bankruptcy Rule 2016.

18.    BRG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S.T. Guidelines, and any additional procedures that may be established by the Court in these Cases.

**F.    <u>Disinterestedness of Professionals</u>**

19.    BRG[6] is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code because BRG, its Managing Directors and Directors, and the BRG Personnel:

(a)    are not creditors, equity security holders, or insiders of the Debtors;

---

[6] As previously noted, "BRG" herein collectively refers to Berkeley Research Group, LLC and all of its affiliates, subsidiaries and parent entities.

(b)     are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtors; and

(c)     do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

20.     Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, BRG, its Managing Directors and Directors, and the BRG Personnel have no interests that are materially adverse to the Committee, the Debtors' estates, or the other creditors in these Cases.

21.     To determine BRG's relationship with the parties-in-interest identified by the Committee to BRG, in preparing this Declaration, I caused the names of the parties set forth in Exhibit B-1 (the "Potential Parties in Interest"), which is attached hereto, to be submitted to BRG's internal conflicts procedures. This list was compiled by reviewing various documents submitted by the Debtors' counsel to the Court, including their retention documents. Accordingly, BRG is relying on the accuracy and completeness of this information in connection with our conflict review and disclosure. BRG's internal conflict check procedures consist of the querying of the Potential Parties in Interest, within an internal computer database containing names of individuals and entities that are present or former clients of

10

BRG. The database that BRG queries to determine its lack of conflicts and disinterestedness incorporates the names of individuals and entities that are present and former clients both of BRG and all of its affiliates, subsidiaries, and parent entities. Additionally, new matters are circulated to all Directors and Managing Directors of BRG with a request to review and advise of any potential conflict of interest concerns. All responses are reviewed and addressed by an attorney on BRG's Conflicts team.

22. To the best of my knowledge, information and belief, neither I nor any other Managing Director or Director of BRG nor the BRG Personnel has any connection with or holds any interest adverse to the Debtors, their estates, creditors, shareholders, or any other party in interest herein or their respective attorneys in the matters for which BRG is proposed to be employed, except that BRG has provided other consulting services, and may in the future provide such services, to certain of the Debtors' creditors or other parties-in-interest in matters unrelated to the Debtors' cases. As set forth in Exhibit B-2, which is attached hereto, BRG has certain relationships with certain parties-in-interest in these cases, but such relationships are unrelated to either the Debtors or these cases.

23. None of the engagements set forth in Exhibit B-2 are related to these cases.

11

24.     Further, as part of its diverse practice, BRG appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in the Debtors' chapter 11 cases. Also, BRG has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been and may be in the future represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, BRG has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Moreover, BRG might have referred work to other professionals who are retained in these Cases. Likewise, certain such professionals who are retained in these Cases might have referred work to BRG. Based on our current knowledge of the professionals involved, and to the best of my knowledge, insofar as I have been able to ascertain after reasonable inquiry, none of these relationships create interests materially adverse to the Debtors in matters upon which BRG is to be employed, and none are in connection with these Cases.

25.     From time to time, BRG may be asked to value and manage the liquidation of assets of investment funds. Such investment funds could, from time to time, take positions in debt or equity of the Debtors, without BRG's knowledge or consent. BRG has no pecuniary interest in such investment funds, nor will BRG

profit from the value realized from the sale of their interests in the Debtors. Under such circumstances, if BRG is providing valuation work on any debt or equity securities of the Debtors for any investment fund for the duration of this engagement, then the BRG employee undertaking such work will be restricted and have no access to the confidential information of the Debtors. Moreover, to the extent any employee of BRG is utilized on this engagement for valuation expertise (and accordingly, given access to confidential information of the Debtors), for the duration of this engagement those employees will not perform any valuation work on any debt or equity securities of the Debtors for any investment fund.

26.    To the best of my knowledge, none of the BRG Personnel is a direct holder of any of the Debtors' securities. It is possible that certain BRG Personnel or BRG employees, managing directors, board members, equity holders, or affiliates of any of the foregoing, may own interests in mutual funds or other investment vehicles (including various types of private funds) that own the Debtors' or other Potential Parties in Interests' debt or equity securities or other financial instruments including bank loans and other obligations. Typically, the holders of such interests have no control over investment decisions related to such investment funds or financial instruments. BRG's policy prohibits its employees from personally trading in the Debtors' securities.

27.     To the best of my knowledge, BRG has not been engaged to assist any entity or person other than the Committee on matters relating to, or in connection with, these cases. If this Court approves the proposed employment of BRG by the Committee, then BRG will not accept any engagement or perform any services in these cases for any entity or person other than the Committee. BRG may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtors in these cases; provided, however, that such services do not and will not relate to, or have any direct connection with, these Cases.

28.     I am not related or connected to and, to the best of my knowledge, no other Managing Director or Director of BRG, nor the BRG Personnel, is related or connected to any United States Bankruptcy Judge or District Judge for the Eastern District of Michigan, or the United States Trustee for the Eastern District of Michigan or to any employee in the offices thereof.

29.     To the extent I discover any additional facts bearing on the matters described herein and required to be disclosed during the period of the Committee's retention of BRG, I will supplement the information contained in this Declaration.

30.     I understand that the Committee requires knowledgeable consultants to provide essential professional services in these cases. I understand that the Committee has selected BRG as its financial advisor because of the firm's diverse

experience and extensive knowledge in the field of bankruptcy. I believe that BRG is well qualified to perform these services in an efficient manner and represent the Committee's interests in these cases.

31.     I understand that the Committee believes that BRG's employment is in the best interests of the Debtors and their estates and creditors. Because of BRG's extensive experience in business reorganizations and mergers and acquisitions as well as its familiarity with the Debtors' business operations, I believe that BRG is exceptionally well qualified to serve as the Committee's financial advisor.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>September 2, 2022</u>

<u>/s/ Joseph Vizzini</u>
Joseph Vizzini

**LIST OF POTENTIAL PARTIES IN INTEREST**

**Debtors**
Gissing Auburn LLC
Gissing Fremont LLC
Gissing Greenville LLC
Gissing North America LLC
Gissing Sidney LLC
Gissing Sumter LLC
Gissing Technologies LLC
Gissing Technologies Mexico LLC

**Non-Debtor Affiliates**
Conform Automotive LLC
DTI Molded Products, Inc.
Gissing Automotive Systems LLC
Gissing Guanajuato S. de R.L. de
    C.V.
Gissing Mexico S. De R.L. De C.V.
Wuxi Gissing Auto Parts Co., Ltd.

**Debtor Management**
Andrew Anderson
Jessica Roast
Steven Wybo

**Debtor Board of Directors**
Claudio Calado
Ian Liu
Keda Zhu

**Debtor Professionals**
Livingstone Partners LLC
Riveron Management Services, LLC
Wolfson Bolton PLLC

**Shareholders/Equity**
Steven Phillips

William Vaugh

**Secured Creditors/Vendors**
Advanced Engineering Solutions, Inc.
Bank of The West
De Lage Landen Financial Services,
    Inc.
Frimo, Inc.
Reko International Group, Inc.
Skylark Machine Inc.
Time
Toyota Industries Commercial
    Finance, Inc.

**Secured Lenders**
Comerica
General Motors LLC
Huntington National Bank (agent)
Tesla, Inc.

**Secured Lender's Counsel**
Bodman PLC
DLA Piper LLP (US)
Honigman LLP
McDonald Hopkins LLC

**Customers**
2 Gamma Automotive SRL
A&P Acoustic & Plastic Exteriors
Alliance Interiors LLC
Atieva USA, Inc. DBA Lucid Motors
    USA, Inc.
Auria Albemarle
Auria Solutions
Autoneum North America
BMW Group

Cesyl Mills Inc.
Chrysler Company LLC
Corvac Composites, LLC
Delaware Valley
Dexsys
Draper Knitting
Eissmann Automotive De Mexico
    S.A. De C.V.
Faurecia
Fibex Incorporation
Ford Motor Company
Ford Service
Foss MFG Co, LLC-DBA Foss Floors
Foss Performance
General Motors LLC
Genesee Group Inc.
GM Service Parts Operations
Hematite Inc.
HP Pelzer
HTNA Corp
Industry Products
Kamco Industries
Kamik Canada Inc.
Kem Krest- Bristol
Lordstown Motors Corp
Lucid Motors USA, Inc.
Lyle Industries
M+A Matting
Mayco Intl-11 Mile Rd
Meiwa Industry North America, Inc.
Mexauria Solutions, S. de R.L. de
    C.V.
Milliken and Co.
Monterey Mills Inc.
M-Tek Ohio
Multi Fibres Industries
Navistar
New Image Group
Nissan Carson
Nissan Group of North America

Nissan North America Inc.
Parker Hannifin Corporation
PSC Fabricating
Quick Plug
SAIC USA Inc.
Sensical Inc.
Shaw Industries Inc.
Sonoco
Techniplas
Ternes Procurement Services
Tesla, Inc.
Texel Technical
Toyota Motor Engineering And
    Manuf.
Toyota NAPCK
UGN, Inc.
Vistech Manufacturing Solutions
Volkswagen Group of America, Inc.

**Landlords**
Icon Owner Pool 3 West
Service Properties Trust
St. Germain Properties LLC
Sudler Properties Trust

**Largest Creditors List Parties**
APT-Mold Manufacturing Co., Ltd.
Autoneum North America
Bridge Logistics Inc.
Burcham International Corp
C&C Recycling
Carolina Chiller Inc.
Carolina Industrial Services
Central Maine Power
Constellation New Energy, Inc.
Drake Extrusion, Inc.
DSV Road, Inc.
Duke Energy Progress
Dutton Polymer Group
Easyflyer Logistic Limited

EBA Service Group LLC
Erema North America
Ethox Chemicals LLC
Expert Machine & Fabrication
Faith Group USA
FedEx
Fibervisions Incorporated
Fox Hill Greenville LLC
Hartt Transportation System, Inc.
HQS Automotive International Inc.
I&M Industrial, Inc.
Ice Recycling Inc.
Icon Owner Pool 3 West
Indorama Ventures Sustainable
    Solutions, LLC
Jiangsu Shifeng New Materials Co.,
    Ltd.
Johnson Controls
Metro 3PL
Nefab Mexico S. de C.V.
Ningbo Huayou Auto Parts, Ltd.
Ontrack, Inc.
Pingor Technology Company Limited
Polyquest Inc.
Pro Design & Manufacturing LLC
Seiren Viscotec Mexico S.A.de C.V.
Smith Machine & CNC Inc.
Stein Fibers Ltd.
Techmer Pm
Techstyles Inc.
Tesla, Inc.
Tooling Technology LLC
Unitil
Zschimmer & Schwarz

**Unsecured Creditors/Vendors**
2 Gamma Automotive SRL
A Mobile Storage Co. Inc.
ABB Inc.
ABC Wire Sales Co.

AC Electric Corp
AC Steel Rule Dies
Acromatic Plastics
Adaptive Corporation
Adecco Employment Services
Advanced Innovative Technologies
    Inc.
Advanced Interior Solutions Inc.
Aegis Sciences Corporation
AGM Automotive DBA Flex
Air Handling Equipment Inc.
Air Incorporated
Airgas National Welders
Airgas USA, LLC
Airline Hydraulics Corporation
AIT - Acoustic & Insulation
    Techniques
Alcantara Spa
Allen Manufacturing, Inc.
Allfi Waterjet, Inc.
Alliance Interiors LLC
Allied Electronics
Almighty Waste
Alta Equipment Company
American Steel & Aluminum
American Systems Registrar (ASR)
Amerigas - Lewiston
Andantex Inc.
Android Industries Bowling Green,
    LLC
Aphase II, Inc.
Applied Industrial Tech (Sidney)
Applied Industrial Tech Inc. (Auburn)
Applied Metals & Machine Works
APT-Mold Manufacturing Co., Ltd.
Aqua Systems
Arc3 Gases Inc.
Argent International Inc.
Armitage Product Supply
Aspen Technologies, Inc.

Atco Industries
Atlantic Electrical Systems
A-Train Inc.
August Mack Environmental
Aunde Mexico, S.A. de C.V.
Auria STC
Autefa Solutions North America Inc.
Autoneum North America
Avient Corporation
Avis
Aztec Machinery Co
B W Clark
Barwick Plumbing Co.
Bast Fibers LLC
Bay Logistics
Bay View Funding
Beacon Engineered Solutions
Bearings Dist
Ben Alpren Machine Tool
& Supply Co
Bete Fog Nozzle Inc.
Big Chief Inc.
Birch Bros Southern Inc.
Bitron Industry China Company Ltd.
Blackstock Sales Company
Blue Cross Blue Shield of Michigan
Bobbie Beasley
Bondtex, Inc.
Bonney Staffing Center
Bossard De Mexico, S. A. de C.V.
Bossard, Inc.
Bostik
Boykin Air Conditioning Service
Brewer Hendley Oil Company
Bridge Logistics Inc.
BS&B Safety Systems
Burcham International Corp
Butler Automatic Inc.
Butler Bros Industrial Supply
C&C Boiler Sales 7 Service, Inc.

C&E Sales Inc.
C+M Utescheny Spritzgiebtechnik
    GmbH
Carlson, Gaskey & Olds
Carolina Chiller Inc.
Carolina Filters
Carolina Fluid Components
Carolina Industrial Services
Carolina Scales
Carotek Inc.
Century Tool & Gage, LLC
Centurylink Business Services
CH Robinson Company
Changzhou Jiasheng New Material
    Technology Co., Ltd.
Chem Point
Cincinnati Fan and Ventilator Co.
Cincinnati Life
Cintas Corporation
Cipa Electrical, LLC
City of Auburn
Clark Hill PPLC
Clean Harbors of Maine Inc.
CN Composites Co., Ltd.
Coastal Automotive
Coastal Equipment
Colonial Fuel and Lubricant Service
Colonial Plastics Incorporated
Compass Group USA
Conair Group/IPEG Inc.
Concept Packaging
Conform Automotive LLC
Constellation New Energy, Inc.
Convergen Energy
Conversion Technologies
    International Inc.
Cora International LLC
Corvac Composites, LLC
Cote Brothers
Covert Mg.

Creative Foam De Mexico S. de R.l. de C.V.
Crown Equipment Corporation
Crown Lift Truck
Cummins Northeast Inc.
D&H Trucking Services LLC
Dalco Nonwovens, LLC
Damar Products Inc.
Dassault Systemes Americas Corp
Datong Designs
Delmor Logistics S.A. de C.V.
Derby Fabricating
Detroit Technologies LLC
DHL Global Fowarding
Dinamec Systems
Dispense Technologies, LLC
DM&E
Doeren Mayhew & Co. Pc
Downeast Machine & Engineering
Drake Extrusion, Inc.
DSV Air & Sea Inc.
DSV Road, Inc.
Dukane Intelligent Assy Solutions
Duke Energy Progress
Duo Robotic Solutions
Dutton Polymer Group
Dynamic Robotics Solutions, Inc.
EA Buschmann Inc.
Eagle Registrations
East Coast Calibration
Easyflyer Logistic Limited
EBA Service Group LLC
EFC International
EJOT Fasteners De Mexico y Compania, S. de C.
Electric Motor Service
Electro Controls
Element Material Tech. Warren Inc.
Energy Management Consultant, Inc.
Erema North America

ESA Employment Screening Associates
Estes
Ethox Chemicals LLC
Examinetics Inc.
Expeditors
Expert Machine & Fabrication
Express Electric Constructors Inc.
Express Employment Professionals
EZ Auotmation
Faith Group USA
Fedex
Fedex Freight
Ferrell Gas
Fi Tech Inc.
Fiber Conversion Inc.
Fibertech Teknoloji Tekstil Ihr.San.Ve Tic Ltd. Sti
Fibervisions Incorporated
Fielding's Oil Co. Inc.
Filter Sales & Service
First Choice Robotics
Fiske Mobile Hearing Services
Flow International Corp
Fox Hill Greenville LLC
Francis Office Supplies
Frankl & Thomas Inc.
GDC, Inc.
General Courier
Gerald Minarik
Gerrity Industries
Gissing Automotive Systems LLC
Gissing Guanajuato S. de R.l. de C.V.
Gissing Holdings Inc.
Gissing Mexico S. de R.V. de C.V.
Gissing Tech. Co. Ltd.
Global Equipment Co. Inc.
Global Industrial LLC
Global Sq, LLC
Goodman Wiper & Paper

Goulston Technologies Inc.
Graf Metallic of America, LLC
Grainger Parts
Grainger WW Inc.
Grakon LLC
Grand Rapids Label Company
Graybar Corporation
Great Lakes Trim
Groz Beckert USA Inc.
Guanajuato Tooling S.A. de C.V.
Halco USA
Hansi America Corporation
Hanwha Azdel
Hartt Transportation System, Inc.
Heritage-Crystal Clean
Hill Plumbing & Electric Co. Inc.
Hill Printing Co. Inc.
Honeywell Scanning and Mobility
Horizon Solutions
Hose & Equipment
HQS Automotive International Inc.
HYG Financial Services
Hyosung Corporation
I&M Industrial, Inc.
Iautomation
Ice Recycling Inc.
IFM Efector Inc.
Igus Inc.
Indeed. Inc.
Indorama Ventures Sustainable
    Solutions, LLC
Indratech LLC
Industrial Chemtex Inc.
Industrial Sales and Distribution DBA
    RP Morrison
Industrial Scientific
Industry Products
Infab Refractories Inc.
Infinger Unlimited
Ingersoll-Rand Industrial US Inc.

Innovative Labeling Solutions
Insight
Insight Environmental, LLC
Interra Global Corporation
IVC
Jason Judkins
Jeffco Fibres
Jiangsu Shifeng New Materials Co.,
    Ltd.
Johnson Controls
K&L Gates LLP
Kelly Services (Canada) Ltd.
Kemeera LLC DBA Fathom
Kennerley Spratling
Kern-Liebers USA Textile
Kerr, Russel and Weber, PLC
Keyence
KL Jack Ind'l Fastener
Kmaxima Technik GmbH
KMH Systems, Inc.
Konecranes Inc. - Ohio Only
Konecranes Inc. - S.C. Only
Koops, Inc.
Kosmek USA Ltd.
Lake City Electric
Lee Machinery Movers
Leigh Fibers Inc.
Lexis Nexis Risk Solutions Group
Llobregat Empaques Y Suministros
Lummus Corporation
Lydey Automation
Mahan's Thermal Products
Mahoney Foundries, Inc.
Maine Radio
Mansfield Oil Company R.W. Earhart
Map of Easton Inc.
Markwell Manufacturing Co. Inc.
Marquardt Switches Inc.
Martor USA
Masterman's

Materials Co., Ltd.
Matheson Tri Gas
Matta Blair PLC
Max Katz Bag Co
McCalls Supply
McCormick Equipment
McLeod Occupational Health Sumter
McMaster Carr Supply Co
Mechadyne Machine Inc.
Meiwa Industry North America, Inc.
Merrimac Industrial Sales
Metro 3PL
Mettle Filtration Products
Mezger, Inc.
MH Equipment Company
Michael Lewis
Mico Industries, Inc.
Mideast Machinery Movers
Midwest Knife Grinding Inc.
Mill Service & Supply
Minitab Inc.
Mister Label, Inc.
Modern Pest Control
Mokon
Mold Masters Company
Monson Companies
Moore's Sandblasting
Motion Industries
MPI Morheat Inc.
MSC Industrial Supply Co
MSW Machinery Solutions, LLC
MTS Systems Corporation
MTZ Enterprise Services LLC
Muller Textile
Myson's Tire Sales
Nagase Enterprise Mexico S.A. de
    C.V.
Nanjing Tianming Composite
National Filter Media
Nefab Mexico S. de C.V.

New Pig Corporation
Nickerson Septic Service
Ningbo Huayou Auto Parts, Ltd.
Ningbo Yexing Automotive Part Co,
    Ltd.
Nitco Inc.
Nix of America
Nolar
Novocart, S.A. de C.V.
Oakwood Energy Management
Oakwood Metal Fabricating
Occupational Health & Rehab
Occupational Health Centers
Occupational Health Services
Occupational Health Services of the
    SW PA, DBA; Concentra
ODC Tooling & Molds
O-Flex Automotive Inc.
Ohio Treasurer of State
Olsten Staffing Services Inc.
Omega Engineering Inc.
Omni Services
Omni-Tech Sales, Inc.
OPUS Packaging
Orbis Material Handling
Ox Industries
P&R Communications
Pacific Insight Electronics Corp
Palmer Bolt & Supply Co
Palmetto Synthetics
Parker Steel International
Patrick Do
Pingor Technology Company Limited
Pioneer Material Precision Tech Co.,
    Ltd.
Pitney Bowes
PKP Process Instruments
Plastic Age Products Inc.
Plastic Age***tooling***
Polimeros Y Derivados, S.A. de C.V.

Polyquest Inc.
Portland Harmon Auto Glass
Precision Fabrics Group Inc.
Preferred Precision Group, LLC
Preferred Printing
Premium Sound Solutions America
    LLC
Prisma Health
Pro Design & Manufacturing LLC
Process Control Corporation
Proheat Inc.
Propane Specialist
Protomed Inc.
PSC Crane and Rigging
PSC Fabricating
PTI Quality Containment Solutions
Pulcra Chemicals, LLC
Purolator EFP Business Solutions
Qualitech Business Solutions
Quality Liaison Services
Quench USA
Rebo Lighting & Electronics, LLC
Reed City Group, LLC
Reliance Standard Life Insurance
    Company
Reynolds Company
Richbourg's Rentals
Rieck Mechanical Services
Riverside Equipment & Truck Repair
    Inc.
Robert A Main & Sons Inc.
Robert Half Finance & Accounting
Rochester Midland
Rolf Koerner, LLC
Roll Service Industries LLC
Rourk Plumbing
Royal River Orchards
S.A. Comunale
SA Automotive S. de R.l. de C.V.
Sabattus Machine

Safety Kleen Corp
Sage Automotive Interiors
SC DHEC Stormwater & Agricultural
Scandic Springs
Schon Packaging Inc.
Seal Methods Inc.
Seiren Viscotec Mexico S.A.de C.V.
Seraph Consulting, Ltd.
Seton Identification Products
Shaw Industries Inc.
Shawmut LLC
Shealy Electrical Wholesalers
Shimadzu Scientific Instruments
Sidney Shelby County YMCA
Sidney Windustrial
Sidney-Shelby Co. Chamber of
    Commerce
Simply-Supported
Slagle Mechanical Contractors
Smith Machine & CNC Inc.
Somatex
Sonoco Protective Solutions
Southeast Industrial Equipment
Southeastern Freight Lines
Southern Heat Corporation
Southern Optical Company
Springfield Corrugated Box, Inc.
St Germain Properties LLC
Staff Bright
Standard Distributors Inc.
Standridge Color Corp
State Chemical MFG Co
Staubli Corp
Stein Fibers Ltd.
Stericycle DBA Shred-It
Stewarts of America Inc.
Stoner Inc.
Stratosphere Quality
Studio Eleven
Summerton Fabrications

Sumter County Treasurer
Superior Bands Inc.
Sweed Machinery Inc.
Synergeering Group, LLC
System 7 Inc.
Taizhou Hailun Import and Export
    Trading Co., Ltd.
Takumi Stamping
Tape Craft
Team Quality Services
Techmer Pm
Technical Maintenance, Inc.
Techstyles Inc.
Tennant Company
Termax Mexico S. de R.L. de C.V.
Textile & Industrial Sales
Thayer Corporation
The CIT Group/Commercial Services
The Robot Company
Thermal Printer Solutions
Three Way Logistics, Inc.
Tooling Technology LLC
Toray International America, Inc.
Tricorp Electrical
Tri-State Pallet & Packaging Inc.
Tuopu USA LLC
UL Environment, Inc.
UL LLC
Uline
Unifi Manufacturing Inc.
Unifirst Corp
Unique Fabricating
United Gasket Corporation
UPS
Ureblock S.A. de C.V.
US Hydraulic & Pneumatic, Inc.
US Machine & Tool Inc.
USF Holland
Vecoplan LLC
Velcro USA Inc.

Venture Plastics, Inc.
Victory Machine & Fab
Vision Service Plan
Vistech Manufacturing Solutions
Vistech Tooling
Volk Packaging Corp
Walton Technologies LLC
Waterjet Service Inc.
WB Mason Co. Inc.
WC Rouse & Son
WD Matthews Company
We Can Too LLC
Webb Mason, Inc.
Wells Brothers
Wells Fargo
Whitlam Label Co. Inc.
Wolf Machine Co
Wuxi Perun Rubber & Plastic Co.,
    Ltd.
Wuxi Sun Warm Packaging Material
    Co., Ltd.
X Rite Inc.
Xaloy Inc.
XPO Express
Xtra Storage Rental Co.
Yazaki North America
YRC Freight
Zhongshan Hord Rapidtools Co., Ltd.
Zschimmer & Schwarz
Zwisstex Mexico, S. de R.L. de C.V.

**The Official Committee of**
**    Unsecured Creditors**
189 Milacron, LLC
Drake Extrusion, Inc.
Hartt Transportation System, Inc.
Mitsuiya Industries, Co., Ltd.
Pingor Technology Company Limited
Pro Design & Manufacturing LLC
Stein Fibers Ltd.

**UCC Professionals**
Foley & Lardner LLP

**Utilities**
Advanced Technologies Services
    Bureau
AES (Dayton Power and Light)
AGIL IT Pro Point
All Type Fire & Security
Amos Development
Arete Advisors
Ash Grove
Auburn Water and Sewer
Autumn Oaks Lawn Care
Brite Cleaning Industries
Business Equipment Unlimited
C&C Recycling
Camden Fire Extinguisher
Centerpoint Energy
Central Maine Power
Centurylink
Centurylink/Lumen
Cherokee Run Landfill
City of Sidney
City of Sumter
City of Wixom
Comcast
Constellation
Consumer Energy
Direct Energy
DTE
Duke Energy
Firesafe Equipment
IGS
Innerlink
Labonte's Landscaping
Linear Building Services
Markley
Microsoft
Ontrack, Inc.

Opentext
Paper Transport
PGE
Republic
Ridgill's Lawn Service
SCE&G Dominion
Silco Fire & Security
Sprinkler Systems
Stanley Elevator
Staylinked
System Architecture
T&A Enterprises
TPX Communications
Transports M. Charette
Unitil
Verizon
Waste Management
Windstream Enterprise

**Tax Agencies**
Canada Revenue Agency
Maine Revenue Services
Ohio Dept of Taxation
South Carolina Dept of Revenue

**Office of the United States Trustee**
Andrew R. Vara
Ariel Olah
Barbara Heilig
Deanna Jones
Deidre Rozier
Delia C. Wells
Edward Dorda
Eric Sumners
Jill Gies
Kelley Callard
Leslie K. Berg
Michael C. Liakos
Neda Miladinovich
Paul J. Randel

Richard Roble
Rita Pyles
Ronna Jackson
Sean Cowley
Sherrie L. Schlosser
Stephen Wagner
Tatheer Zahra
Timothy Graves
Timothy S. Carr

**Bankruptcy Court Judges**
Chief Judge Daniel S. Opperman
Judge Joel D. Applebaum
Judge Lisa S. Gretchko
Judge Maria L. Oxholm
Judge Mark A. Randon
Judge Thomas J. Tucker

**Exhibit B-2**

**List of parties in interest, or affiliates thereof, that currently or formerly engage(d) BRG, sorted by their relationship to the Debtors, that are unrelated to these Cases [1]**

**Secured Creditors/Vendors**
Bank of The West
Toyota Industries Commercial
    Finance, Inc

**Secured Lenders**
Comerica
General Motors LLC
Huntington National Bank*
Tesla, Inc.*

**Secured Lender's Counsel**
DLA Piper LLP (US)*

**Customers**
Chrysler Company LLC
Ford Motor Company
Ford Service
General Motors LLC
Navistar*
Nissan Carson
Nissan Group of North America
Nissan North America Inc
Parker Hannifin Corporation*
Tesla, Inc.*
Toyota Motor Engineering And
    Manuf.
Toyota NAPCK
Volkswagen Group of America, Inc.*

**Largest Creditors List Parties**
Constellation New Energy, Inc.
Duke Energy Progress
FedEx
Johnson Controls*
Tesla, Inc.*

**Unsecured Creditors/Vendors**
ABB Inc*
Aegis Sciences Corporation*
Avis*
Blue Cross Blue Shield of Michigan*
Centurylink Business Services*
Cintas Corporation
Compass Group USA*
Constellation New Energy, Inc.
Crown Equipment Corporation
Dassault Systemes Americas Corp
DHL Global Fowarding
Duke Energy Progress
Fedex
Fedex Freight
Grainger Parts
Graybar Corporation*
Honeywell Scanning and Mobility
Ingersoll-Rand Industrial US Inc*
Innovative Labeling Solutions*
Insight*
Johnson Controls*
K&L Gates LLP*
Kelly Services (Canada) Ltd*

---

[1] Parties in interest marked with an asterisk (*) are related to closed matters.

Matheson Tri Gas
MTS Systems Corporation*
Ohio Treasurer of State
Prisma Health*
Reynolds Company
Safety Kleen Corp*
UPS*
Wells Fargo

**UCC Professionals**
Foley & Lardner LLP*

**Utilities**
Amos Development*
Centurylink*
Centurylink/Lumen*
Comcast
Constellation
Direct Energy*
Duke Energy
Microsoft
PGE*
Republic
Verizon*
Waste Management
Windstream Enterprise*

**Tax Agencies**
Canada Revenue Agency*
Ohio Dept of Taxation

## Exhibit C

## (Indemnification Provisions)

In the event that Berkeley Research Group, LLC ("BRG") or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons" and each, an "Indemnified Person") becomes involved in any capacity in any claim, action, proceeding or investigation (collectively, "Actions") brought by or against any person, including equity holders of the Debtor, in connection with or as a result of BRG's engagement as financial advisor to the Official Unsecured Creditors' Committee (the "Committee"), the Debtor periodically will advance to the Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith; provided, however, that if it is finally found (in a non-appealable judgment) by a court of competent jurisdiction that any loss, claim, judgment, damage or liability of an Indemnified Person has resulted primarily from the gross negligence or willful misconduct of such Indemnified Person in performing the services on behalf of the Committee, such Indemnified Person shall repay such portion of the advanced amounts that is attributable to expenses incurred in relation to the act or omission of such Indemnified Person that is the subject of such non-appealable judgment. The Debtor also will indemnify and hold the Indemnified Persons harmless from and against any and all losses, claims, judgments, damages or liabilities to which such Indemnified Person may become subject under any applicable law, or otherwise, that is related to, arising out of, or in connection with BRG's engagement on behalf of the Committee and without regard to the exclusive or contributory negligence of any Indemnified Person except to the extent that it is finally found (in a non-appealable judgment) that any such loss, claim, damage of liability resulted primarily from the gross negligence, willful misconduct or bad faith of the Indemnified Persons in performing the services on behalf of the Committee.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought, such Indemnified Person shall promptly notify the Debtor in writing; provided that failure to so notify the Debtor shall not relieve the Debtor from any liability that the Debtor may have on account of this indemnity or otherwise, except to the extent the Debtor shall have been materially prejudiced by such failure. The Debtor shall, if requested by the Indemnified Person, assume the defense of any such Action, including the employment of counsel reasonably satisfactory to the Indemnified Person. An Indemnified Person may retain separate counsel to represent it in the defense of any Action, which shall be at the expense of the Debtor if (i) the Indemnified Party does not request the Debtor to assume the defense of any such Action or the Debtor does not assume the defense of the Action within a reasonable period of time after being requested to assume the defense of the Action, or (ii) the Indemnified Person is advised by counsel in writing that there is an actual or potential conflict in the Debtor's and the Indemnified Person's respective interests or additional defenses are available to the Indemnified Person, which makes representation by the same counsel inappropriate; provided that in no event shall the Debtor be obligated to pay expenses for more than one counsel in any one jurisdiction for all Indemnified Persons in connection with any Action.

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtor or its equity holders or creditors related to, arising out of, or in connection with, advice or services rendered or to be rendered by any Indemnified Person on behalf of the Committee, the transactions contemplated in these Cases or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except to the extent any loss, claim, judgment, damage or liability is finally found (in a non-appealable judgment) by a court of competent jurisdiction to have resulted from the Indemnified Person's gross negligence or willful misconduct.

If for any reason, the foregoing indemnification is unavailable to an Indemnified Person or insufficient to hold it harmless, then the Debtor shall contribute to the amount paid or payable by the Indemnified Person as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect (i) the relative economic benefits to the Debtor and its equity holders, on the one hand, and to the Indemnified Persons, on the other hand, of the matters covered by this engagement; or (ii) if the allocation provided by the immediately preceding clause is not permitted by applicable law, not only such relative economic benefits but also the relative fault of the Debtor, on the one hand, and the Indemnified Persons, on the other hand, with respect to such loss, claim, damage or liability and any other relevant equitable considerations. For purposes of this paragraph, the relative economic benefits to the Indemnified Persons of the matters contemplated on behalf of the Committee, shall be deemed to be the fees paid or to be paid to BRG; provided, however, that, to the extent permitted by applicable law, in no event shall the Indemnified Persons be required to contribute an aggregate amount in excess of the aggregate fees actually paid to BRG.

The reimbursement, indemnity and contribution obligations of the Debtor in this Exhibit C shall be in addition to any liability which the Debtor may otherwise have, shall extend upon the same terms and conditions to any affiliate of the Indemnified Persons, and shall be binding upon and inure to the benefit of any successors, heirs and personal representatives of the Debtor, the Indemnified Persons, any such affiliate and any such person.

The Debtor shall not be required to indemnify an Indemnified Person for any amount paid or payable by the Indemnified Person in the settlement of any action, proceeding or investigation without the written consent of the Debtor, which consent shall not be unreasonably withheld.

2

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Gissing North America LLC, | ) | Case No. 22-46160-tjt |
| a Delaware limited liability | ) |  |
| company, *et al.* | ) | Hon. Lisa S. Gretchko |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |

**NOTICE OF APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH
GROUP, LLC, AS FINANCIAL ADVISOR EFFECTIVE AS OF
AUGUST 18, 2022 AND OPPORTUNITY TO RESPOND**

Please take notice that the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession, Gissing North America LLC *et al.* (the "Debtors"), has filed an Application for Entry of an Order Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Berkeley Research Group, LLC ("BRG"), as Financial Advisor Effective as of August 18, 2022 (the "Application").

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)**

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22-46173, Gissing Technologies LLC, Case No. 22-46174 and Gissing Technologies Mexico LLC, Case No. 22-46175.

1

If you do not want the court to grant the BRG's Application, or if you want the court to consider your views on the Motion, within 14 days, you or your attorney must:

      1.     File with the court a written response or an answer, explaining your position at:

> United States Bankruptcy Court
> Eastern District of Michigan
> 211 W. Fort Street, Suite 2100
> Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

| | |
|---|---|
| Ann Marie Uetz | Geoffrey S. Goodman |
| John A. Simon | Michael J. Small |
| **FOLEY & LARDNER LLP** | **FOLEY & LARDNER LLP** |
| 500 Woodward Ave., Suite 2700 | 321 N. Clark Street, Suite 3000 |
| Detroit, MI 48226 | Chicago, IL 60654 |

      2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the Application, and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

**Please take note that, in accordance with Local Rule Bankruptcy Rule 2014-1(b), BRG is seeking the concurrence of the United States Trustee for this Application. If the United States Trustee consents under Rule 2014-1(b) and no other objections have been filed, an order approving the Application may be entered prior to expiration of 14 day period under Local Bankruptcy Rule 9014-1, and without a hearing.**

Dated: September 2, 2022          **FOLEY & LARDNER LLP**

/s/ Ann Marie Uetz
Ann Marie Uetz (P48922)
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
(313) 234-7114
auetz@foley.com
jsimon@foley.com
tdolcourt@foley.com

-and-

Geoffrey S. Goodman
Michael J. Small
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-5832
ggoodman@foley.com
msmall@foley.com

*Proposed Counsel to The Official Committee of*
*Unsecured Creditors of Gissing North America*
*LLC*