# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Gissing North America LLC, a Delaware limited liability company, *et al.,* | Case No. Case No. 22-46160 |
| | Hon. Lisa S. Gretchko |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) ESTABLISHING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION AND A SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (III) SETTING DEADLINES IN CONNECTION THEREWITH, (IV) APPROVING THE FORM OF THE ASSET PURCHASE AGREEMENT, INCLUDING THE STALKING HORSE BIDDER'S PREMIUM, AND (V) GRANTING RELATED RELIEF

This matter came before the Court on the *Debtors' Motion For Entry*

*Of (A) An Order (I) Establishing Bidding Procedures, (II) Scheduling An*

*Auction And A Sale Hearing In Connection With The Sale Of Substantially*

*All Of Debtors' Assets, (III) Setting Deadlines In Connection Therewith, (IV)*

*Approving The Form Of The Asset Purchase Agreement, Including The*

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22-46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

*Stalking Horse Bidder's Premium, And (V) Granting Related Relief; And (B)*

*An Order (I) Authorizing The Sale Of Substantially All Of Debtors' Assets*

*Free And Clear Of Liens, Claims, Encumbrances, And Interests, (II)*

*Approving The Assumption And Assignment Of Certain Executory*

*Contracts And Unexpired Leases, And (III) Granting Related Relief* ("Sale

Motion"; ECF No. 114)[2] solely to the extent that the Sale Motion requests

approval of bidding procedures. Pursuant to the Court's August 24, 2022

Order granting the Debtors' *ex parte* motion for shortened notice and

expedited hearing on the Debtors' requested bidding procedures ("August

24, 2022 Order"; ECF No. 136), limited objections to the Debtors'

requested bidding procedures were filed by Stellantis (FCA US LLC)

("Stellantis Objection"; ECF No. 167), Gissing Automotive Systems, LLC

("GAS Objection"; ECF No. 169) and Mitsuiya Industries, Co., Ltd.

("Mitsuiya Objection"; ECF No. 170). On September 1, 2022, the Court held

a hearing ("Hearing") on the Sale Motion solely as it relates to Debtors'

request for approval of bidding procedures. The Stellantis Objection, the

GAS Objection, and the Mitsuiya Objection have all been resolved and

counsel for each such objecting party has signed a stipulation

("Stipulation"; ECF No. 200) consenting to the terms of this Order. Counsel

---

[2] Capitalized terms used but not defined have the meanings given to them in the Sale Motion.

for the Debtors and counsel for the Unsecured Creditors' Committee also signed the Stipulation. This Court has reviewed the Sale Motion, the documents filed at ECF Nos. 199 and 205 and other pertinent pleadings, and has considered the statements made at the Hearing.  The Court is advised in the premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that**:**

1.     The Sale Motion is GRANTED as set forth in this Order solely to the extent that it requests approval of bidding procedures.

2.     The following changes to the Bidding Procedures as set forth in the Sale Motion are made and approved, and shall be incorporated in the Bidding Procedures:  The Bid Deadline shall be October 14, 2022; the Auction Date shall be October 18, 2022; the Sale Hearing shall be October 24, 2022; and the deadline for entry of the Sale Order shall be October 26, 2022; and for purposes of clarity, the Closing Date is not changed, and remains October 31, 2022.

3.     All objections to the entry of this Bidding Procedures Order not settled, withdrawn, or otherwise resolved are overruled.

4.     Notwithstanding anything to the contrary in any prior order or in the Sale Motion, the Debtor may select one or more Stalking Horse Bidders. A Stalking Horse Bidder's submission must include a Deposit, a designation

of the executory contracts and unexpired leases that the Stalking Horse Bidder desires to be assumed and assigned by Debtors to the Stalking Horse Bidder, and a redline of the Stalking Horse Bid comparing against the original Form APA. If a Stalking Horse Bidder or Bidders is or are selected by Debtors by the Stalking Horse Selection Date, Debtors may provide the Stalking Horse Bidder(s) with a break-up fee in the aggregate amount in connection with all Stalking Horse Bids of up to 3% of the cash purchase prices set forth in the Stalking Horse Bids, excluding any applicable Cure Costs ("Stalking Horse Bidder's Premium"). Any Stalking Horse Bidder that submits a credit bid shall not be entitled to a Stalking Horse Bidder's Premium.

5. Once a Stalking Horse Bidder or Bidders is or are selected, the Debtors shall file with the Court clean and redlined copies of the respective asset purchase agreement(s) comparing them to the Form APA.

6. The Stalking Horse Bidder's Premium is approved based upon an exercise of the Debtors' business judgment and the substantial value that a Stalking Horse Bid will create for the bankruptcy estates.

7. The conduct of the auction will be transcribed, creditors may request a copy of the transcript following conclusion of the auction from Debtors' counsel, and Debtors' counsel will take reasonable steps to provide

creditors requesting a copy of the transcript with the transcript immediately following conclusion of the auction.

8.      Objections to the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order must: (a) be in writing; (b) conform to any applicable requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of procedure of this Court; (c) set forth the name of the objecting party and the nature of any claims or interests held by such party against or in Debtors' estates or properties; (d) state with particularity the legal and factual bases for the objection and the specific grounds therefore; (e) be filed with the Clerk of the Court and served on Debtors' counsel so as to be received on or before **OCTOBER 20, 2022** at **5:00 P.M. EASTERN TIME** ("<u>Sale Objection Deadline</u>") and (f) all parties have reserved their respective rights in connection with the approval of any proposed Winning Bid or Backup Bid, including, but not limited to, in connection with the inclusion or exclusion of any assets to be acquired in the proposed transactions.

9.      Any reply brief shall be filed by no later than **OCTOBER 21, 2022** at **5:00 P.M. EASTERN TIME.**

10.    Any person or entity that fails to make an objection by the Sale Objection Deadline is forever barred from asserting any objection to the entry of the Sale Order.

11.    A hearing ("Sale Hearing") to consider the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order will be held on **OCTOBER 24, 2022** at **9:30 A.M. EASTERN TIME** in the Courtroom of the Honorable Lisa S. Gretchko, United States Bankruptcy Court for the Eastern District of Michigan, 211 W. Fort Street, Courtroom 1975, Detroit, MI 48226.

12.    In connection with the marketing and Sale of Debtors' Assets, Debtors are authorized to utilize the Form APA attached as Exhibit 6a to the Sale Motion, as modified and revised to be consistent herewith and filed with the Court at Docket No. 199-5.

13.    The Bidding Procedures attached as Exhibit 6b to the Sale Motion, as modified and revised to be consistent herewith and filed with the Court at Docket No. 205, are incorporated herein by reference and approved and will apply to the sale of the Assets.

14.    The Notice of Auction and Sale attached as Exhibit 6d to the Sale Motion, as modified and revised to be consistent herewith and filed

with the Court at Docket No. 199-9, is incorporated herein by reference and approved.

15.     The Assumption and Assignment Notice attached as Exhibit 6c to the Sale Motion, as modified and revised to be consistent herewith and filed with the Court at Docket No. 199-7, is incorporated herein by reference and approved.

16.     The following Assumption and Assignment Procedures are approved and will apply to the assumption and assignment by Debtors of executory contracts and unexpired leases ("Assumed and Assigned Agreements"):

    i.    By no later than one week following the date of entry of this Bidding Procedures Order, Debtors will file a schedule ("Cure Schedule"), which will be in alphabetical order and will be attached to the Assumption and Assignment Notice, identifying (a) the Assumed and Assigned Agreements potentially to be assumed and assigned to a Winning Bidder in the event of a Sale and (b) the amount, if any, Debtors believe is necessary to cure all monetary defaults and other defaults under such agreements pursuant to § 365 of the Bankruptcy Code ("Cure Costs").

    ii.    Upon the filing of the Cure Schedule, Debtors will serve the Cure Schedule and the Assumption and Assignment Notice on each of the non-debtor counterparties listed on the Cure Schedule by first class mail.

    iii.    Following the Auction, the Winning Bidder(s) and the Back-Up Bidder(s) must file on the Court's docket evidence demonstrating the ability of the Winning Bidder and the

Back-Up Bidder to provide adequate assurance of future performance under any Assumed and Assigned Agreement by no later than **OCTOBER 19, 2022** at **5:00 P.M. EASTERN TIME.**

iv. The Assumption and Assignment Notice will state that Debtors are seeking, or may seek, the assumption and assignment of the Assumed and Assigned Agreements and include (a) a description of each executory contract and unexpired lease that may be assumed and assigned in connection with the Sale, (b) the deadline for objecting ("Cure/Assignment Objection") to the amount of the proposed Cure Costs related to any executory contract or unexpired lease, which will be **OCTOBER 20, 2022** at **5:00 P.M. EASTERN TIME** ("Cure/Assignment Objection Deadline") and (iii) the deadline for objecting ("Adequate Assurance Objection") to the ability of the Winning Bidder(s) and the Back-Up Bidder(s) to provide adequate assurance of future performance under any Assumed and Assigned Agreement, which will be **OCTOBER 21, 2022** at **12:00 P.M. EASTERN TIME** ("Adequate Assurance Objection Deadline" and collectively with the Cure/Assignment Objection Deadline, the "Cure/Adequate Assurance Objection Deadlines").

v. Each Cure/Assignment Objection and/or Adequate Assurance Objection must be filed with the Bankruptcy Court and served on Debtors' counsel so that it is received by the applicable Cure/Adequate Assurance Objection Deadline.

vi. If no objections are received with respect to any Assumed and Assigned Agreement, then the Cure Costs in the Cure Schedule for such agreement will be binding upon the non-debtor counterparty to the agreement for all purposes and will constitute a final determination of the Cure Costs required to be paid by or on behalf of the applicable Debtor in connection with the assumption and assignment of such agreement.

vii.     In addition, all counterparties to the Assumed and Assigned Agreements who fail to file an objection before the Cure/Adequate Assurance Objection Deadlines, as applicable, will be (a) forever barred from objecting to the Cure Costs or adequate assurance of future performance with respect to the Assumed and Assigned Agreements, and Debtors and the Winning Bidder(s) will be entitled to rely solely upon the Cure Costs on the Cure Schedule, (b) deemed to have consented to the assumption and assignment, and (c) forever barred and estopped from asserting or claiming against the applicable Debtor(s) or the Winning Bidder(s) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied, or that there is any other objection or defense to the assumption or assignment of the applicable Assumed and Assigned Agreement.

viii.    Debtors or the Winning Bidder(s) may amend the Cure Schedule to remove any Assumed and Assigned Agreement at any time before such Assumed and Assigned Agreement is actually assumed and assigned pursuant to an order of the Court. The non-debtor party or parties to any such removed contract or lease will be notified of such exclusion by written notice mailed within one business day after such amendment.

17.    Any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection will be heard at the Sale Hearing; provided, however, that Debtors reserve the right to request that any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection be heard after the Sale Hearing and after entry of the Sale Order.

18.     The presence of an Assumed and Assigned Agreement on the Cure Schedule does not constitute an admission that such Assumed and Assigned Agreement is an executory contract or unexpired lease or that the Assumed and Assigned Agreement will be assumed, assigned, or both.

19.     To the extent this Bidding Procedures Order or the Bidding Procedures contradict or cannot be harmonized with the APA, this Bidding Procedures Order and the Bidding Procedures will control.

20.     A Qualified Bidder may bid on some of the Assets without having to bid on all of the Assets.

21.     Except as explicitly set forth herein, nothing in this Bidding Procedures Order or otherwise will affect any right that may exist in favor of any other entity holding a valid and enforceable Lien from exercising any right afforded to such holder pursuant to § 363(k) of the Bankruptcy Code.

22.     <u>Limited Objection of GAS</u>.  All the objections raised by Gissing Automotive Systems, LLC in its Limited Objection and Reservation of Rights to the Sale Motion [Docket No. 169] with respect to the assumption and assignment of that certain Patent License Agreement between Debtor, Gissing North America, LLC and Gissing Automotive Systems, LLC are expressly preserved.

23. <u>Limited Objection of Stellantis</u>. In resolution of the Limited Objection filed by Stellantis [Docket No. 167]: (i) counsel for Stellantis may attend the Auction; (ii) Debtors will not sell any assets owned by Stellantis, such as Stellantis-owned tooling, returnable dunnage, or other bailed property; and (iii) Stellantis reserves the right to object to any assumption and assignment of its purchase orders by Debtors to a third-party and otherwise reserves all rights to object with respect to entry of the sale order, including without limitation the right to object to any bidder or buyer being deemed qualified (as a Qualified Buyer, Qualified or Winning Bidder or otherwise) notwithstanding anything in this Order or the Accommodation Agreement to the contrary.

24. <u>Limited Objection of Mitsuiya</u>. Notwithstanding anything to the contrary in the Bidding Procedures Order, Bidding Procedures, or Form APA, nothing in this Bidding Procedures Order authorizes the Debtors or their professionals to market for sale, provide for due diligence, sell, transfer, or otherwise disclose to any third party in connection with the proposed Sale Motion any trade secrets, know-how or other intellectual property, including, without limitation, material composition, material formulae, molding conditions, design, and/or manufacturing processes for manufacturing and assembling fender liners, wheel liners, surface carpets,

{00119587.DOC }
22-46160-lsg    Doc 216    Filed 09/07/22    Entered 09/07/22 14:28:39    Page 11 of 14

and spare tire covers that is owned solely by Mitsuiya Industries, Co., Ltd. (collectively, "Mitsuiya Property").  Mitsuiya has filed an adversary proceeding pending before this Court entitled *Mitsuiya Industries, Co., Ltd. v. Gissing North America LLC, et al.*, Adv. Case No. 22-04186-LSG (the "Mitsuiya Adversary Proceeding") regarding the Mitsuiya Property. Mitsuiya also previously filed an action entitled *Mitsuiya Industries Co., Ltd. v. Formed Fiber Technologies, Inc., et al.,* Case No. 2:20-CV-10941-TGB in the United States District Court for the Eastern District of Michigan (the "District Court Proceeding"), alleging infringement claims, among other claims, relating to the Mitsuiya Property and all derivatives of such property.  The District Court Proceeding is still pending, but is currently stayed due to the Debtors' bankruptcy.  A copy of the Mitsuiya Adversary Proceeding complaint and the District Court Proceeding complaint shall be placed in the Debtors' data room.   Debtors vigorously dispute the allegations of the Mitsuiya Adversary Proceeding and the District Court Proceeding.  For the avoidance of any doubt and confusion, the Debtors or their professionals shall refrain from including or otherwise providing any Mitsuiya Property to potential bidders, regardless of the execution of an NDA (as defined in the Bidding Procedures).

25.    Section 503(b)(9) Claims. The DIP Lenders and Prepetition Lenders agree that, in the event that the aggregate sale price for the Debtors' assets is at least $24 million, then 50% of the net sale cash proceeds (after payment of all costs of sale) above $24 million, up to a cap of $2 million (the "Cap"), shall be segregated at closing from the net sale cash proceeds of such sale to pay allowed claims under 11 U.S.C. § 503(b)(9) (the "503(b)(9) Escrow").  The Cap shall be reduced dollar-for-dollar for any 503(b)(9) claim that is cured by any purchaser(s) of the Debtors' assets or otherwise paid.  The 503(b)(9) Escrow shall remain segregated until the earliest of (a) the effective date of a confirmed chapter 11 plan for the Debtors, (b) 60 days after conversion of the Debtors' cases to chapter 7, and (c) the entry of an Order by the Court requiring the Debtors to pay 503(b)(9) claims (each, a "503(b)(9) Test Date").  If, as of the applicable 503(b)(9) Test Date, there are insufficient cash assets to pay 503(b)(9) claims in full, then the amounts in the 503(b)(9) Escrow shall be used to pay such claims.   If there are sufficient cash assets as of the 503(b)(9) Test Date to pay all or a portion of allowed 503(b)(9) claims as of that date, then the remainder of the amounts in the 503(b)(9) Escrow (after payment of all allowed 503(b)(9) claims) shall be distributed to the DIP Lenders or Prepetition Lenders, as the case may be, under the terms of the

DIP Loan Documents. This paragraph shall be without prejudice to (a) any objections that any party-in-interest, including the Committee, may have to such a sale, and (b) any right to object to claims asserted under 11 U.S.C. § 503(b)(9), and all defenses to such objections.

26.   The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Bidding Procedures Order.

**Signed on September 7, 2022**



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**