IN THE MATTER OF:

GISSING NORTH AMERICA LLC            Chapter 7
    *f/k/a Conform Gissing International, LLC*            Case No. 22-46160-lsg
           Hon. Lisa S. Gretchko

Debtors[1].
_____/

### TRUSTEE'S MOTION TO ESTABLISH PROCEDURES
### GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS

Kenneth Nathan, Plaintiff and Chapter 7 Trustee of the estate of Gissing North America LLC ("Debtor"), by his attorneys OSIPOV BIGELMAN, P.C., submits this motion (the "*Motion*") seeking an order approving proposed procedures governing avoidance action adversary proceedings (the "*Procedures*") under chapter 5 of title 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*").

In support of the Motion, the Trustee alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in the Eastern District of Michigan under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are Sections 547, 550, and 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7016.

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175

## BACKGROUND

5. On August 8, 2022, the Debtor filed a Chapter 11 petition ("Petition Date").

6. On January 9, 2023, the case was converted to Chapter 7 ("Conversion").

7. The Trustee is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate.

8. The Trustee has identified more than **110** potential chapter 5 avoidance actions he may pursue as adversary proceedings before this Court (the "*Adversary Proceedings*"). In the interest of reducing the burden on the Court in handling these matters and administrative costs the Trustee now moves the Court to enter an order establishing streamlined procedures governing the Adversary Proceedings.

## PROCEDURES REQUESTED

9. The Trustee's goal is to resolve each Adversary Proceeding as efficiently as possible, provide just and speedy resolutions of each matter, and maximize returns to creditors holding allowed claims in the Debtor's bankruptcy estate.

10. The Procedures, as set forth in **<u>Exhibit A</u>** attached to this Motion, provide a practical framework that: (a) promotes judicial economy; (b) hastens the time within which Adversary Proceedings are resolved; and (c) avoids unnecessary litigation costs by providing a mechanism to all parties for consolidating common issues of law and fact through a process designed to reduce—and in some cases eliminate—the need for the Court to engage in an individualized review of every case management issue that will arise.

11. In general, the Procedures establish uniform guidelines for conducting Adversary Proceedings, including procedures for mediation. The Trustee therefore requests that the Court enter an order authorizing and adopting the Procedures substantially in the form attached to this Motion, which incorporate the following key components:

    (a) **Omnibus Hearings:** The Procedures establish a schedule setting regular hearings to address routine matters in the Adversary Proceedings at the

same time, and at which the Trustee can report on its progress in pursuing the Adversary Proceedings to the Court, as well as allowing for the Trustee to expeditiously dispose of settled Adversary Proceedings. By scheduling the proposed omnibus hearing dates, the administration of the Adversary Proceedings will be significantly streamlined—clarifying for all parties involved when matters will be heard and who must appear at the Omnibus Hearings.

(b) **Discovery Protocol:** The Procedures establish a uniform, streamlined discovery protocol by modifying certain requirements under Rule 26 of the Federal Rules of Civil Procedure as adopted by the Bankruptcy Rules. The proposed modifications will facilitate the expeditious administration of the Adversary Proceedings while simultaneously conserving Bankruptcy Estate's assets and the Court's judicial resources.

(c) **Mediation:** The Procedures provide for the mediation of Disputed Adversary Proceedings (defined by the Procedures) before trial to afford the parties the opportunity to resolve these matters without incurring the burdensome costs associated with trial. The cost of mediation will be shared equally by the Bankruptcy Estate and defendant. The parties may use an alternate mediator by informal agreement that need not be filed with the Court.

(d) **Opt Out:** The Procedures give each defendant an opportunity to opt out for cause shown. Any defendant who believes it will be unduly prejudiced by the Procedures will have the opportunity to make that argument to the Court after it has been served with a complaint.

## BASIS FOR RELIEF

12. Section 105(a) of the Bankruptcy Code affords bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."

13. Establishing uniform procedures to govern the Adversary Proceedings will assist the Trustee and the Court in administering the Adversary Proceedings efficiently and fairly. By adopting the Procedures, parties will have a clear roadmap for future proceedings and will simultaneously have the opportunity to reach amicable and speedy resolutions of the Adversary Proceedings where possible,

avoiding costly litigation which will necessarily reduce recoveries for the Bankruptcy Estate.

## CONCLUSION

14. The Procedures promote judicial economy, hasten the time within which the Adversary Proceedings can be resolved, and will allow the Bankruptcy Estate to avoid unnecessary litigation costs. Accordingly, the Trustee requests that the Court grant this Motion and enter an order adopting the Procedures in substantially the same form as submitted here.

WHEREFORE, the Trustee requests that the Court grant this Motion and enter an Order approving the proposed Procedures in substantially the same form attached to this Motion.

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: July 19, 2024
/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Trustee
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
Phone: (248) 663-1800 Fax: (248) 663-1801
Email: jhb@osbig.com

Dated: July 19, 2024
**NATHAN LAW PLC**

/s/ Kenneth A. Nathan
Kenneth A. Nathan (P39142)
29777 Telegraph Road
Suite 1170
Southfield, MI 48034
248-663-5133
ken@nathanlawplc

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:

GISSING NORTH AMERICA LLC            Chapter 7
   *f/k/a Conform Gissing International, LLC*    Case No. 22-46160-lsg
                                                          Hon. Lisa S. Gretchko
                               Debtors[1].
_____/

## ORDER ESTABLISHING PROCEDURES GOVERNING
## AVOIDANCE ACTION ADVERSARY PROCEEDINGS

THIS MATTER having come before the Court on the Trustee's Motion[2] to Establish Procedures Governing Avoidance Action Adversary Proceeding (the "*Motion*").[1] The Court, having reviewed and considered the Motion and objections to the Motion, if any, along with the statements and arguments of counsel during the hearing on the Motion; due notice having being given, is of the opinion that the Motion and Procedures should be approved.

Therefore, it is hereby ORDERED:

(1)      The proposed Procedures, attached to the Motion as Exhibit A, are hereby approved;

(2)      The proposed form of Notice Regarding Procedures Governing Adversary Proceedings, attached to the Procedures as Exhibit 1, is hereby approved; and

(3)      The Trustee shall serve a copy of the Procedures, along with a copy of the Notice of Procedures, on each defendant to an Adversary Proceeding along with a copy of the summons and complaint in the relevant Adversary Proceeding.

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

[2] Capitalized terms used but not defined herein have meanings given to them in the Motion.

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:

| | |
|---|---|
| GISSING NORTH AMERICA LLC<br>    *f/k/a Conform Gissing International, LLC*<br><br>                          Debtors[1].<br>_____/ | Chapter 7<br>Case No. 22-46160-lsg<br>Hon. Lisa S. Gretchko |

**PROCEDURES**
**GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

This cause came before the Court on the motion (the "*Motion*") of the Trustee (the "*Trustee*") to establish procedures governing Avoidance Action Adversary Proceedings. The Court entered an order approving the Procedures at ECF No. ___. Under the terms of that order, the following procedures shall govern Adversary Proceedings as defined in the Motion:

**I.    Applicability of Procedures**

    *A.  General Applicability*

The procedures (the "*Procedures*") set forth here shall apply to all Adversary Proceedings (as defined in the Motion), except as otherwise provided below. The Procedures shall continue to govern the Adversary Proceedings unless expressly modified by order of the Court.

    *B.  Objections*

Any defendant may object to being subject to the Procedures by filing and serving a written objection within 21 days of being served with a summons and complaint. Upon receipt of a timely objection, the Court shall hear such objection at the next Omnibus Hearing and determine whether and to what extent the Procedures shall apply to an objecting defendant. An objecting defendant has the burden of establishing good cause to be exempted from the Procedures.

**II.    Service of Procedures; Notices of Deadlines**

At the time the Trustee serves a summons and copy of the complaint in any Adversary Proceeding, the Trustee shall simultaneously serve the following documents on each defendant: a copy of the Procedures and the Order approving the Procedures; and a cover notice, the form of which is attached to the Procedures as Exhibit 1.

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175

**III. Track One, Two, and Three.**

The Adversary Proceedings shall proceed upon three tracks based upon the monetary amount pled in the complaint. Track One shall be cases where the amount sought is less than $50,000, Track Two shall be cases where the amount sought is between $50,000 and $100,000, and Track Three shall be cases where the amount sought is over $100,000.

**IV. Discovery Matters & Protocol**

    *A.* Continued Adversary Proceedings.

All Adversary Proceedings shall be deemed Continued Adversary Proceedings unless the Trustee submits an Election Notice (defined below) in accordance with the Procedures. For all Continued Adversary Proceedings, the following provisions of the Federal Rules of Civil Procedure (the "*Rules*") as adopted by the Bankruptcy Rules shall be modified as follows:

*(1) Suspension of Certain Rule 26 Requirements*
Parties to Continued Adversary Proceedings **do not** need to file Rule 26(f) reports.

*Informal Discovery*
Parties to a Continued Adversary Proceeding may engage in informal discovery by exchanging information to facilitate settlement. During this period, the parties may not take depositions or serve formal discovery requests on each other including, but not limited to: requests for production of documents; interrogatories; or requests for admissions (collectively, "*Discovery Requests*").

The Trustee shall inform the Court of the status of Continued Adversary Proceedings on or before each Omnibus Hearing date as further detailed herein.

B. Disputed Adversary Proceedings.
*(1) Election Notice*
The Trustee may elect to deem a Continued Adversary Proceeding a Disputed Adversary Proceeding by providing written notice of such election (the "*Election Notice*") to all counsel of record in the Continued Adversary Proceeding by filing notice via the CM/ECF System.

An Election Notice shall be binding on all parties to the Continued Adversary Proceeding, and any Continued Adversary Proceeding in which an Election

Notice has been tendered shall be considered a Disputed Adversary Proceeding, subject to the scheduling and discovery guidelines set forth below.

(2) *Modified Rule 26 Requirements*

Parties to Disputed Adversary Proceedings are not required to participate in a Rule 26(f) discovery conference or file a Rule 26(f) discovery report with the Court.

Parties to Disputed Adversary Proceedings shall file and serve initial disclosures under Rule 26(a) within 30 days from the date an Election Notice is served in accordance with the Procedures (the "*Initial Disclosure Date*").

(3) *Discovery Schedule*

All written and oral fact discovery shall be completed within 6 months of the Initial Disclosure Date (the "*Discovery Deadline*") without prejudice to any party to a Disputed Adversary Proceeding requesting an extension of the Discovery Deadline.

(4) *Initial Pretrial Conference*

A Disputed Adversary Proceeding shall be set for an initial pretrial status hearing (the "*Pretrial Status Hearing*") at the first Omnibus Hearing that is at least 14 days after the Discovery Deadline. Upon the close of discovery, the Trustee shall promptly inform the Court and the defendant of such occurrence, and the proposed Pretrial Status Hearing date. Unless otherwise excused by the Court for good cause shown, all parties to Disputed Adversary Proceedings shall appear at the Pretrial Status Hearing.

(5) *Mediation*

All parties to a Disputed Adversary Proceeding shall participate in good faith in mediation prior to filing any dispositive motions under Fed. R. Civ. P. 56 (as adopted by the bankruptcy rules) and prior to the scheduling of a final pre-trial conference.

## V. Mediation

The parties to a Disputed Adversary Proceeding may engage in non-binding mediation at any time following service of a complaint.

A. *Location*

Mediations shall be held at a location selected by the mediator or virtually through video conference.

B. *Mediation Cost.*

The cost of mediation shall be split equally between the defendant and the Bankruptcy Estate. The mediator's fees are fixed as follows:

Track One: $2,000 per party per case.
Track Two: $3,000 per party per case.
Track Three: $5,000 per party per case.

Each party shall pay its portion of the mediator's fee before the commencement of the mediation. The parties shall pay the mediator's reasonable expenses, pro rata and per

case, with 14 days after billing by the mediator. The total fees and expenses of the mediator shall be paid by any party that cancels with less than 24 hours' notice or that fails to appear at a mediation.

*C. Mediators*

Disputed Adversary Proceedings shall be mediated by the following pre-approved mediators. The parties to a Disputed Adversary Proceedings shall not have to seek court approval if they use any of the following pre-approved mediators.

Howard S. Sher
Jacob & Weingarten, P.C.

Joseph K. Grekin
Schafer & Weiner, PLLC

Matthew E. Wilkins
Brooks Wilkins Sharkey & Turco PLLC

Max Newman
Butzel Long, P.C.

Michael Baum
Schafer & Weiner, PLLC

Patrick M. McCarthy
Howard & Howard Attorneys, PLLC

The parties may seek court approval to use an alternate mediator.

**B.** *Participation in Mediation*

Parties who participate in mediation shall do so as scheduled and in good faith, with a view toward reaching a consensual resolution. Each mediation shall be attended virtually by a representative of the parties with full settlement authority and by counsel for the defendant, if the defendant is represented by legal counsel, as well as counsel for the Trustee (who shall have settlement authority).

**C.** *Mediator's Directives*

The mediator, in a separate document or other communication that will not be filed with the Court, may require that the parties provide him or her with relevant papers and exhibits, position statements, and settlement proposals for use during mediation. The mediator may continue a mediation that has been commenced if the mediator determines that a continuation is in the best interests of the parties.

**D.** *Failure to Comply*

Upon notice and a hearing, a party's failure to comply in good faith with the Mediation process may result in a default judgment and/or sanctions. The mediator shall promptly file a notice when any party fails to comply with Mediation in good faith or fails to appear.

*E. Confidential Settlement Communications*

Under Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications between and among the parties and the mediator in connection with mediation will be confidential and inadmissible at trial.

*F. Report on Mediation*

The Mediator shall file a report at the conclusion of mediation stating whether the Disputed Adversary Proceeding has or has not settled. Additionally, the Trustee will advise the Court of the results of all concluded mediations at each regularly scheduled Omnibus Hearing as set forth below.

G. Conflict of Interest.

If a mediator's law firm represents any defendant in an adversary proceeding, then (i) the mediator shall not personally participate in the representation of that defendant, (ii) the law firm shall notate the file to indicate that the mediator shall have no access to it, and (iii) any discussions concerning that adversary proceeding by employees of the law firm shall exclude the mediator. A mediator's participation in mediations under this order shall not create a conflict of interest with respect to the representation of such defendants by the mediator's law firm.

## VI. Omnibus Status & Motion Hearings

The Court shall hold regular omnibus hearings in connection with Adversary Proceedings (each an "*Omnibus Hearing*"), at which time the Trustee will present a status report on the Adversary Proceedings generally, and during which all substantive motions will be heard, unless the Court schedules another time for a particular motion.

**A.** *Omnibus Hearing Dates*
Omnibus Hearings are set for the following dates:
September ____, 2024 at 11:00 a.m. (EST)
October ____, 2024 at 11:00 a.m. (EST)
November __, 2024 at 11:00 a.m. (EST)
December __, 2024 at 11:00 a.m. (EST)
January ____, 2025 at 11:00 a.m. (EST)
February ___, 2025 at 11:00 a.m. (EST)

Future Omnibus Hearings may be scheduled by the Court on an as-needed basis. Matters requiring a hearing in an Adversary Proceeding shall be set for, and heard on, an Omnibus Hearing date unless the Court independently sets a different date, or upon a motion to the Court by any party for good cause shown.

**B.** *Appearances at Omnibus Hearings*
Defendants are <u>not</u> required to appear at the Omnibus Hearings unless:
    i.    such defendants have made a request for relief from the Court that will

           be heard at the Omnibus Hearing;
  ii. the Trustee has made a request for relief against such defendants that will be heard at the scheduled Omnibus Hearing and such defendants intend to contest that relief; or
  iii. the Court has directed the defendant to appear.

    C. *Trustee's Reports to the Court for Status & Motion Hearings*

Before each Omnibus Hearing, the Trustee will submit a chart summarizing all open Adversary Proceedings (the "*Preference Status Chart*") to the Court. The Trustee shall deliver the Preference Status Chart to the Court two days prior to the Omnibus Hearing.

Unless otherwise provided by separate order of the Court, the Trustee will inform the Court of the status of each Adversary Proceeding at every Omnibus Hearing through the Preference Status Chart.

## VII. Miscellaneous Provisions

  A. *Conflicts*

    Except as to Adversary Proceedings that have been excepted from the Procedures and/or to the extent any conflict arises between the Procedures and any other applicable rules, the Procedures shall control with respect to Adversary Proceedings.

  B. *Extending Deadlines & Modifications*

    Other than as provided in the Procedures, the deadlines and other provisions contained in the Procedures may only be extended or modified by the Court upon written motion and for good cause shown. Good cause for extending or modifying a deadline shall include the consent of the parties. Nothing contained in the Procedures shall prejudice the rights of any party to seek an order (a) limiting or expanding notice of, and hearings related to, such filings upon a showing of good cause; or (b) enlarging or reducing any time period under Bankruptcy Rule 9006(b) or (c).

  C. *Relief from Procedures*

    None of the Procedures shall prevent any party to an Adversary Proceeding from seeking relief from the provisions of the Procedures by appropriate motion to the Court upon a showing of good cause.

  D. *Exchanging Documents & Information*

    None of the Procedures shall prevent the parties to an Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time. Voluntary exchanges of information shall not be construed as a waiver of any of the requirements or limitations contained in the Procedures.

  E. *Construction*

    The Procedures shall be construed by the parties in a manner that promotes the most expeditious and economical resolution of the Adversary Proceedings and

administration of the Debtor's bankruptcy case.

**F.** *Service of Procedures*

The Trustee shall serve a copy of the Procedures and the Order approving the Procedures on each defendant in each Adversary Proceeding and on any defendant in subsequently filed Adversary Proceedings by U.S. mail, postage prepaid.

**Exhibit 1**

**Notice of Procedures**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**IN THE MATTER OF:**

GISSING NORTH AMERICA LLC           Chapter 7
    *f/k/a Conform Gissing International, LLC*           Case No. 22-46160-lsg
                                                   Hon. Lisa S. Gretchko

                  Debtors[2].
_____/

## NOTICE REGARDING PROCEDURES
## GOVERNING ADVERSARY PROCEEDINGS

On August 8, 2022, the Debtor filed a Chapter 11 petition. On January 9, 2023, the case was converted to Chapter 7. The Trustee is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate.

On_____, the Bankruptcy Court entered an *Order Establishing Procedures Governing Avoidance Action Adversary Proceedings* (the "*Procedures Order*"). If you are the Defendant identified in the enclosed Summons and Complaint, you are subject to the Procedures Order and to the approved Procedures, a copy of which is enclosed with this notice and the Summons and Complaint. **Please note the following deadlines with respect to the enclosed Complaint as governed by the Procedures Order:**

- *Objection Deadline for Procedures* – You may object to being subject to the Procedures by filing and serving a written objection within 21 days of the issuance of a summons. Upon receipt of a timely objection, the Court will hear such objection at the next scheduled Omnibus Hearing, and determine whether and to what extent the Procedures Order will apply to such defendant.

- *Mediation Period* – The parties may participate in mediation of this matter at any time after service of the Complaint and must participate in mediation before filing a motion under Fed. R. Civ. P. 56 as incorporated through Fed. R. Bankr. P. 7056 and before trial.

- *Omnibus Hearing Dates* – The Trustee, through counsel, may report generally to the Court on the status of adversary proceedings at periodic omnibus hearings that have been set pursuant to the Procedures Order. No order or other relief related to the enclosed Complaint will be sought at such hearings absent separate and specific notice to the Defendant or its attorney.

---

[2] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175

**Absent such separate and specific notice, neither the Defendant nor its attorneys are required to attend the omnibus hearings.**

Should you have any questions regarding this Notice, the Procedures Orders, or the Complaint, please contact undersigned counsel for the Committee.

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: July 19, 2024

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Trustee
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
Phone: (248) 663-1800 Fax: (248) 663-1801
Email: jhb@osbig.com

Dated: July 19, 2024

**NATHAN LAW PLC**

/s/ Kenneth A. Nathan

Kenneth A. Nathan (P39142)

29777 Telegraph Road

Suite 1170

Southfield, MI 48034

248-663-5133

ken@nathanlawplc