# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| GISSING NORTH AMERICA LLC<br>    *f/k/a Conform Gissing International, LLC*<br><br>    Debtors[1].<br>_____/ | Chapter 7<br>Case No. 22-46160-lsg<br>Hon. Lisa S. Gretchko |

## ORDER ESTABLISHING PROCEDURES
## GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS

    This matter came before the Court upon the Trustee's motion ("Motion"; ECF No. 853) to establish procedures governing avoidance action Adversary Proceedings[2], and the Trustee's *ex parte* motion for an expedited hearing on the Motion. Pursuant to the Court's July 22, 2024 order, on July 29, 2024, the Court held an expedited hearing ("Hearing") on the Motion. The Trustee and counsel for the Trustee appeared at the Hearing. The Court has reviewed the Motion and other pertinent pleadings, has considered the statements made at the Hearing, and is advised in the premises.

    NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is granted in part, and denied in part, and the Procedures (as that term is defined below in this Order) shall be as follows:

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175.

[2] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

I. **Applicability of Procedures**

   A. *General Applicability*

The procedures set forth in this Order ("Procedures") shall apply to all Adversary Proceedings as to which an answer or other responsive pleading is filed, except as otherwise provided below. The Procedures shall continue to govern the Adversary Proceedings unless expressly modified by order of the Court.

   B. *Opting Out of Procedures*

Any defendant may opt out of being subject to the Procedures set forth in this Order by filing (in the pertinent Adversary Proceeding) and serving on plaintiff's counsel a written "Opt Out Notice" **on or before September 30, 2024.** Upon the filing of a timely Opt Out Notice, the Adversary Proceeding shall be deemed to be a Disputed Adversary Proceeding and shall be governed by the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure, **subject to paragraph III.B.2 below**.

II. **Service of Procedures; Notices of Deadlines**

By August 16, 2024, the Trustee must serve, by U.S. Mail, postage prepaid, a copy of this Order upon each defendant in each Adversary Proceeding and shall promptly file a certificate of service.

III. **Discovery Matters & Protocol**

   A. *Continued Adversary Proceedings*

All Adversary Proceedings as to which an answer or other responsive pleading is filed, and as to which no Opt Out Notice is timely filed, shall be deemed to be a Continued Adversary Proceeding unless the Trustee, or any

defendant in the Adversary Proceeding, or the Court, files an Election Notice (defined below) in accordance with the Procedures set forth in this Order. For all Continued Adversary Proceedings, the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure, shall be modified as follows:

(1) <u>Suspension of Certain Rule 26 Requirements</u>

Parties to Continued Adversary Proceedings **do not** need to: (i) conduct a Rule 26(f) conference, (ii) make initial disclosures (as provided in Fed.R.Civ.P. 26(a)(1), and/or (iii) file a Rule 26(f) Report.

(2) <u>Informal Discovery</u>

Parties to Continued Adversary Proceedings must engage in informal discovery by exchanging information to facilitate settlement but, unless and until a Continued Adversary Proceeding becomes a Disputed Adversary Proceeding and (pursuant to Fed.R.Civ.P. 26(d)(1)) the parties have conferred as required by Rule 26(f), said parties must **not** take depositions or serve formal discovery requests on each other, such as: requests for production of documents, interrogatories, or requests for admissions (collectively, "Discovery Requests").

The Trustee shall inform the Court of the status of each open Continued Adversary Proceeding at least three (3) business days before each Omnibus Hearing date, as described below in this Order.

B. *Disputed Adversary Proceedings*

(1) Election Notice

The Trustee, or any defendant in an Adversary Proceeding, or the Court, may elect to deem a Continued Adversary Proceeding to be a Disputed Adversary Proceeding by filing written notice of such election ("Election Notice") in the pertinent Adversary Proceeding via the CM/ECF System, which will electronically serve the Election Notice upon all counsel of record in the Continued Adversary Proceeding.

An Election Notice shall be binding on all parties to the Continued Adversary Proceeding, and any Continued Adversary Proceeding in which an Election Notice has been filed shall thereupon be considered to be a Disputed Adversary Proceeding to which the Federal Rules of Civil Procedure as adopted by the Federal Rules of Bankruptcy Procedure, shall apply **subject to paragraph (2) immediately below**.

(2) Mediation of Disputed Adversary Proceedings

The Trustee and the defendant(s) in a Disputed Adversary Proceeding must: (i) engage in and complete mediation pursuant to E.D. Mich. LBR 7016-2 within ninety (90) days after a Continued Adversary Proceeding becomes a Disputed Adversary Proceeding, unless the Court enters an order providing for a longer period in which to conduct or conclude said mediation, (ii) file a stipulation and proposed order selecting a mediator (from the Bankruptcy Court's panel of

mediators), provided however, that if the parties are unable to agree upon a mediator then they must file a statement to that effect and contact the Courtroom Deputy, Cheryl London, at 313-234-0043, and the Court will enter an order selecting a mediator from the Bankruptcy Court's panel of mediators. **At the conclusion of the mediation of the Disputed Adversary Proceeding, the mediator must file a certification pursuant to E.D. Mich. LBR 7016-2(a)(7). If the mediator's certification indicates that a Disputed Adversary Proceeding was not resolved at mediation, the mediator must contact the Courtroom Deputy, Cheryl London, 313-234-0043, whereupon the Court will issue a notice of initial scheduling conference. The Federal Rules of Bankruptcy Procedure will thereupon govern the unresolved Disputed Adversary Proceeding.**

### IV. Omnibus Status & Motion Hearings

The Court shall hold regular omnibus hearings in connection with Adversary Proceedings (each an "Omnibus Hearing"), at which time the Trustee will orally present a status report on the Adversary Proceedings generally, and during which all substantive motions in Adversary Proceedings will be heard, unless the Court schedules another time for a particular motion.

## A. Omnibus Hearing Dates

Omnibus Hearings are set for the following dates:

    September 20, 2024 at 1:00 p.m. (EST)
    October 18, 2024 at 1:00 p.m. (EST)
    November 8, 2024 at 1:00 p.m. (EST)
    December 13, 2024 at 1:00 p.m. (EST)
    January 17, 2025 at 1:00 p.m. (EST)
    February 21, 2025 at 1:00 p.m. (EST)

Future Omnibus Hearings may be scheduled by the Court on an as-needed basis. Matters requiring a hearing in an Adversary Proceeding shall be set for, and heard on, an Omnibus Hearing date unless the Court independently sets a different date, or a party to an Adversary Proceeding files a motion, for cause shown, to have a matter to be heard on a date other than an Omnibus Hearing date.

## B. Appearances at Omnibus Hearings

Defendants are <u>not</u> required to appear at the Omnibus Hearings unless:

    i. such defendants have made a request for relief from the Court that will be heard at the Omnibus Hearing;
    ii. the Trustee has made a request for relief against such defendants that will be heard at the scheduled Omnibus Hearing and such defendants intend to contest that relief; or
    iii. the Court has directed the defendant to appear.

## C. Trustee's Reports to the Court for Omnibus Hearings

At least three (3) business days before each Omnibus Hearing, the Trustee will file with the Court charts summarizing the status of all open Adversary Proceedings (collectively the "Preference Case Status Charts") which separately summarize: (i) all Adversary Proceedings in which no answer

or other responsive pleading was filed, including a subset designating Adversary Proceedings in which the deadline for an answer (or other responsive pleading) has been extended by Court order, (ii) all open Continued Adversary Proceedings, (iii) all open Disputed Adversary Proceedings, and (iv) all Adversary Proceedings as to which a settlement is pending.

Unless otherwise provided by separate order of the Court, the Trustee will inform the Court of the status of each open Adversary Proceeding at every Omnibus Hearing through the Preference Case Status Charts and the oral presentation/explanation of the Preference Case Status Charts.

## V. Miscellaneous Provisions

### A. *Relief from Procedures*

None of the Procedures shall prevent any party to an Adversary Proceeding from seeking relief from the provisions of the Procedures by appropriate motion to the Court upon a showing of cause.

### B. *Exchanging Documents & Information*

None of the Procedures shall prevent the parties to an Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time. Voluntary exchanges of information shall not be construed as a waiver of any of the requirements or limitations contained in the Procedures.

*C. Construction*

The Procedures shall be construed by the parties in a manner that promotes the most expeditious and economical resolution of the Adversary Proceedings and administration of the Debtor's bankruptcy case.

**Signed on July 30, 2024**



/s/ Lisa S. Gretchko
Lisa S. Gretchko
United States Bankruptcy Judge